**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Keith Edward MOORE,
Defendant-Appellant.**

**No. 50912.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 27, 1987.

Motion for Rehearing and/or Transfer
Denied March 4, 1987.

Application to Transfer Denied
April 14, 1987.

Holly G. Simons, St. Louis, for defend-
ant-appellant.

William L. Webster, Atty. Gen., John M.
Morris, Asst. Atty. Gen., Jefferson City,
for plaintiff-respondent.

SATZ, Presiding Judge.

Defendant Keith Moore was convicted by a jury of robbery in the first degree, § 569.020 RSMo. 1978, and was sentenced to ten years imprisonment. On appeal, defendant argues it was error for the trial court to deny his motion to suppress identification testimony and error to admit police photographs of him. We affirm.

On March 9, 1985, Ivan North was collecting insurance premiums for his employer. When he returned to his car, a van was beside it, waiting to park behind him. A man stepped between the vehicles, pointed a gun at North and then told him to place his hands and face on the car. North testified he had the opportunity to observe the robber in daylight for about five seconds. After taking about $270 from North, the robber fled.

There were two witnesses to this incident. The robber forced Roger Woods, the driver of the van, to keep his vehicle parallel with North's to block the view from the street. Woods observed the entire robbery through a rear view mirror of his van. Inez Taylor observed the entire incident from the doorway of her house, which faced the scene of the crime. Taylor testified she had an unobstructed view of the incident from about 20 feet away.

Police Officers Kranz and White arrived at the scene a few minutes later. North got in their patrol car to accompany them on a search of the neighborhood and gave them a description of the robber which they broadcast. The officers then gave North a stack of approximately ten photographs to examine. North testified the officers told him the photos were of "neighborhood troublemakers." North identified a picture of defendant as the man who robbed him. The officers returned to the crime scene where Woods and Taylor also identified defendant's picture as the man who committed the robbery.

Officers Kranz and White, along with other officers who responded to the scene,

went to defendant's residence to arrest him. North accompanied them. When defendant was brought out of his house, North told the officers defendant was the man who robbed him. A crowd had gathered in front of defendant's house, so the officers took North and defendant about a block away where North again identified defendant. North testified this confrontation took place twenty to twenty-five minutes after the robbery. Taylor was brought to this location by another officer and she also identified defendant. Woods identified the defendant later that evening in a lineup.

Defendant filed a motion to suppress all identification testimony of North, Taylor and Woods. After a pretrial hearing, the trial court denied defendant's motion. At trial, North, Woods and Taylor described their out-of-court identifications of defendant and North and Taylor made in-court identifications of defendant. Defendant's evidence consisted of attempts to weaken the accuracy of the identifications and the testimony of several alibi witnesses.

Defendant argues it was error to deny his motion to suppress and admit the identification testimony of North. This issue was not properly preserved for review. After the motion to suppress was denied, defendant made no objection to the identification testimony at trial and did not refer to it in his motion for new trial. *State v. Greenlaw*, 593 S.W.2d 641, 643 (Mo.App. 1980). We review this issue only for plain error. Rule 29.12(b).

■ Defendant argues North's initial identification of him from a police photograph was unnecessarily suggestive. Defendant urges the photo array was suggestive because the use of police photos led North to believe the individuals pictured had been involved in similar incidents. A similar argument was made and rejected in *State v. Enna*, 664 S.W.2d 32 (Mo.App. 1984). Using "mugshots" for a photo array does not suggest to the witness that among those persons pictured the defendant is the perpetrator. *Id.* at 35. The danger of suggestiveness arises from the use of a single photo or some emphasis on one photo in a group. *Id.* at 35. *See also*

*State v. Higgins*, 592 S.W.2d 151 (Mo. banc 1979); *State v. Toney*, 680 S.W.2d 268 (Mo. App.1984). This did not occur here.

■ Defendant also argues the two "showup" identifications made by North were unnecessarily suggestive. Our courts have consistently held the prompt showing of a suspect to the victim is permissible due to the exigencies of the situation. The showup allows officers to learn quickly whether to release or hold the suspect and whether the search should be continued. *See, e.g. State v. Ballard*, 657 S.W.2d 302, 308 (Mo.App.1983). A showup may be impermissibly suggestive when the identification is made as a response to suggestions or encouragement of the police, but it is not suggestive when it is based upon the witness' own recollection and observation of the defendant's appearance. *State v. Overstreet*, 694 S.W.2d 491, 495 (Mo.App. 1985); *State v. Johnson*, 618 S.W.2d 443, 445 (Mo.App.1981). There is no evidence here these identifications were the products of suggestion. North had already given a description, identified defendant's photograph and the police made no suggestive comments.

■ Defendant next argues North's in-court identification testimony was the result of suggestive pretrial procedures and had no independent basis for its admissibility. As discussed above, the pretrial identification procedures were not impermissibly suggestive. Even if they were, suggestiveness alone does not require exclusion of identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 113, 97 S.Ct. 2243, 2252, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). "Reliability", not suggestiveness, "is the linchpin in determining the admissibility of identification testimony", and "reliability is to be assessed under the totality of circumstances". *Manson v. Brathwaite*, 432 U.S. at 114, 97 S.Ct. at 2253. Factors to be considered in determining reliability include: "(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the con-

frontation; and (5) the length of time between the crime and the confrontation. *Against these factors is to be weighed the corrupting effect of the suggestive identification itself."* *Id.* at 114, 97 S.Ct. at 2253; *State v. Carter,* 572 S.W.2d 430, 435 (Mo. banc 1978) (emphasis added)

Applying these factors here: (1) North observed the robber's face for about five seconds in broad daylight from four or five feet away; (2) the robber's use of a gun guaranteed a high level of attention from North, and there is no evidence he was distracted or his senses were impaired; (3) North's prior description, while general, was accurate enough not to cast doubt on the subsequent identification; (4) North demonstrated a high level of certainty in his identifications which were quick and consistent; and (5) the showups occurred within twenty to twenty-five minutes after the crime, and North's in-court identification was just under seven months after the crime. These factors show North's identification of defendant was sufficiently reliable, even assuming suggestive pretrial procedures. The lack of suggestiveness and the reliability of the identifications precluded North's testimony from causing any injustice, much less manifest injustice.

Defendant also contends the trial court erred in admitting into evidence a mugshot of defendant used in the pretrial photograph array. During direct examination, North identified the photograph of defendant used in the photograph array. Officer Kranz identified the photograph as the one shown to North the day of the crime, but did not reveal its source. Officer Lewis then explained police department booking procedures and identified another photograph of defendant which was taken on the day of his arrest. At the close of the state's evidence, these photographs, along with other photos used in the array, were admitted into evidence with all identifying information masked. The photographs were then passed to the jury for examination.

■ Defendant argues this chain of events constituted evidence of other crimes because the jury could infer defendant had previously been arrested. Mugshots, however, may be admitted and then viewed by the jury when all identifying information is masked, the defendant's identity is in issue and they will help the jury determine the accuracy of the identification. *State v. Toney,* 680 S.W.2d 268, 274 (Mo.App.1984); *State v. Burns,* 581 S.W.2d 590, 593 (Mo. App.1979); *State v. Futrell,* 565 S.W.2d 465, 467 (Mo.App.1978). All these requirements are met here.

■ Admittedly, testimony concerning photographs which clearly connects them to prior criminal activity may be prejudicial. *See, e.g., State v. Quinn,* 693 S.W.2d 198 (Mo.App.1985). No such testimony was given in this case. Officer Kranz simply verified the photograph shown to him as the same photograph used in the array. He did not reveal its source nor refer to it as a mugshot. Officer Lewis described the booking procedure defendant was taken through on the day of his arrest. He simply identified the photograph shown to him as the photograph taken the day of defendant's arrest for the crime in issue. This photograph makes no negative implication. *State v. Johnson,* 618 S.W.2d 191, 193 (Mo.1981).

Judgment affirmed.

CRIST and KELLY, JJ., concur.