STATE of Missouri,
Plaintiff-Respondent,

v.

Johnnie JOHNSON,
Defendant-Appellant.

No. 52772.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 22, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 23, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Melinda Kay Pendergraph, Columbia, for defendant-appellant.

Harry Morley Swingle, Pros. Atty., Cape Girardeau, for plaintiff-respondent.

KELLY, Judge.

Johnnie Johnson appeals his conviction by a jury of driving while intoxicated, third offense; § 577.010 RSMo 1986, and one count of operating a motor vehicle while his license was revoked or suspended; § 302.321 RSMo 1986. The jury assessed punishment at one year in the county jail on the operating a motor vehicle conviction, and the judge sentenced appellant as a persistent offender to a term of four years imprisonment on the driving while intoxicated conviction. The court ordered both sentences to be served concurrently, and further ordered said sentences to run consecutive to appellant's sentence previously imposed by Judge Grimm on June 14, 1984. We affirm.

The sufficiency of the evidence is not challenged. Viewed in the light most favorable to the state, the record reveals the following facts.

On June 2, 1986, appellant's license to operate a motor vehicle had been suspended by the Department of Revenue for at least a 30 day period.

On June 22, 1986, at approximately 3:00 a.m. Larry Gray parked his pickup truck in an alley located in Cape Girardeau, Missouri. Shortly thereafter, Gray observed appellant backing Gray's pickup truck out of the alley, and then driving the truck forward and colliding with a Datsun 280Z automobile. Gray testified at trial that he had not given appellant permission to drive his truck. Gray further testified that following the collision, the owner of the Datsun spoke with appellant and appellant agreed to pay for any damages caused by the accident.

Gray then drove his truck two streets over to his sister's house, because he thought the dispute had been resolved. However, Gray did walk back to the scene of the collision shortly thereafter.

At 3:26 a.m., Officer May received a dispatcher's call that someone had left the scene of an accident. When Officer May arrived at the scene to investigate the accident, the appellant approached him and stated that he had not been driving Gray's vehicle. Appellant told Officer May that a friend had been driving Gray's truck, but appellant would pay for the damage to the Datsun. May testified that an unidentified person approached him and stated, "I knew Johnnie Lee Johnson was driving that vehicle." May then placed appellant under arrest for driving while intoxicated. Appellant became belligerent, and May radioed for assistance. Two other officers arrived at the scene.

The three officers observed appellant's slurred speech, bloodshot eyes, and lack of balance. Additionally, the officers smelled a strong odor of alcohol on appellant's person, and noticed that he was unable to dial the telephone, and was unable to answer questions during the booking process.

Based upon the foregoing evidence, the jury found appellant guilty of driving while intoxicated and operating a motor vehicle while his license was suspended or revoked.

■ Appellant first contends that the trial court erred by failing to suppress the testimony of Officer May, who testified that an unidentified subject told him that appellant had been driving Gray's vehicle. Appellant submits that the officer's testimony constituted inadmissible hearsay, as appellant had no opportunity to cross-examine this "unidentified subject," and that this testimony provided an essential element of both offenses for which appellant was charged.

The following excerpts from the state's direct examination of Officer May provide the basis for appellant's claim:

OFFICER MAY: After that Mr. Johnson walked around the vehicle and stood on the sidewalk. He continued to talk. I tried to ignore him to get the information for the accident report. I was approached by another subject.

DEFENSE COUNSEL: Your honor, I will object to the witness testifying, and any statements—

THE COURT: Overruled.

PROSECUTOR: Go ahead.

OFFICER MAY: I was approached by another subject who stated—

DEFENSE COUNSEL: I will object to him giving any statements made by those subjects, Judge.

THE COURT: Overruled.

OFFICER MAY: He stated that—that "I knew Johnnie Lee Johnson was driving that vehicle." And, I had raised—I had reason to ask him for a driver's license at that time.

PROSECUTOR: Was that Mr. Larry Gray that spoke to you at that time?

OFFICER MAY: No, sir. This was another individual.

PROSECUTOR: Did you get a name?

OFFICER MAY: No, sir, I did not.

We note at the outset that appellant has failed to preserve his first point for review. "Objections to evidence must be specific, must point out the grounds thereof, and are to be determined upon the grounds stated therein." *State v. Foulk,* 725 S.W.2d 56, 69[22] (Mo.App.1987). Here, appellant's objection to Officer May's testimony reads as follows: "I will object to him giving any statements made by those subjects, Judge." Appellant fails to point out the grounds of his objection, and we are left to speculate why the "statements made by those subjects" were in fact objectionable. "A trial court must be given an opportunity to rule upon an objection after hearing the reasons for exclusion and a mere general objection unsupported by reasons preserves nothing for review." *State v. Harvey,* 625 S.W.2d 198, 200[1] (Mo.App. 1981); *see also State v. Marshall,* 571 S.W. 2d 768, 772[5] (Mo.App.1978). Appellant's point is denied.

■ Appellant next contends that the trial court erred in ordering his sentence to run consecutively to the sentence previously imposed by Judge Grimm on June 4, 1984.

Appellant did not raise this issue in his motion for a new trial and therefore waived this issue on appeal. *See* Rule 29.11(d). Hence, the issue is reviewable only for plain error. Rule 29.12(b).

On June 4, 1984, appellant was sentenced upon a plea of guilty in Cause No. CR583–882FX. Judge Grimm sentenced appellant:

"to four years in State Department of Corrections; however, the sentence is suspended and defendant is placed on five years probation."

On January 27, 1987, Judge Grimm revoked appellant's probation and sentenced him to four years, said sentence to run concurrently with all other sentences.

One week earlier, on January 20, 1987, Judge Seier ordered appellant's sentence for driving while intoxicated to run consecutively to Judge Grimm's sentence in Cause No. CR583–882FX.

■ Appellant argues that on January 20, 1987, Judge Seier erred by ordering appellant's sentence to run consecutively to Judge Grimm's sentence in Cause No. CR583–882FX. Appellant submits that on June 4, 1984, Judge Grimm suspended the *imposition* of sentence, and final sentence and judgment was not imposed until January 27, 1987. Thus, appellant concludes that on January 20, 1987, Judge Seier erred by ordering appellant's sentence to run consecutively to the sentence imposed by Judge Grimm, because no final sentence had been entered in Cause No. CR583–882FX. We disagree.

The flaw in appellant's contention is that he incorrectly construes Judge Grimm's order issued on June 4, 1984. Judge Grimm sentenced appellant to four years imprisonment; however, he suspended the execution of the sentence and appellant was placed on probation. Judge Grimm could not have suspended the *imposition* of sentence, as appellant argues, since he had already sentenced appellant to four years imprisonment. We find that on June 4, 1984, Judge Grimm suspended the *execution* of appellant's sentence, and thus a final judgment was rendered. Accordingly, appellant's point is without merit.

■ Appellant argues in the alternative, that if a final judgment was rendered on June 4, 1984, the trial court would have lost jurisdiction to execute the final sentence on January 27, 1987. We disagree.

The trial court clearly had jurisdiction on January 27, 1987, to revoke appellant's probation and execute the four year sentence he had previously imposed on June 4, 1984. *See* § 559.036.3 RSMo 1986. After a full review of the record, we find no error, plain or otherwise.

The judgment of the trial court is affirmed.

SATZ, P.J., and CRIST, J., concur.