**Johnny Ray CASH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16187.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1989.

Application to Transfer Denied
Nov. 14, 1989.

---

**780**

James R. Schumacher, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Following a plea of guilty, movant was convicted of burglary and sentenced to fifteen years' imprisonment. His motion under Rule 24.035 seeking to vacate that conviction was denied without an evidentiary hearing. Movant appeals, presenting two points relied on. Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

■ Movant contends in his first point that the trial court erred in failing to make sufficient findings of fact and conclusions of law on all issues raised by movant's postconviction relief "motions". Movant's initial motion was timely filed but an amended motion filed more than sixty days after counsel was appointed was contrary to Rule 24.035(f). The amended motion was expressly authorized by two extensions granted by the trial court. The second requested "pursuant to Rule 44.01(b)". However, as the extensions went beyond the sixty-day period allowed by Rule 24.-035(f), they were "without legal efficacy". *Batson v. State of Missouri,* 774 S.W.2d 882 (Mo.App.1989), relying on *Day v. State,* 770 S.W.2d 692, 696 (Mo. banc 1989).

■ The amended motion being filed beyond the time allowed is ineffective. All grounds for relief not timely raised by a Rule 24.035 motion are waived. *Day,* 770 S.W.2d at 696. Therefore, we only consider the contentions raised in movant's initial motion. The findings of fact and conclusions of law were sufficient on those issues.

■ Findings of fact and conclusions of law are adequate when they enable an appellate court to determine whether they are clearly erroneous. *Huffman v. State,* 668 S.W.2d 255, 256 (Mo.App.1984). Although findings and conclusions are sparse, they are sufficient if they permit meaningful appellate review. *Wesson v. State,* 768 S.W.2d 160, 162 (Mo.App.1989). On the contentions properly raised, the findings and conclusions allowed such review.

Movant states in his second point that the trial court erred in not granting him an evidentiary hearing on his motion because it alleged sufficient facts establishing prejudice not refuted by the record. Movant alleged he received ineffective assistance of counsel in violation of his constitutional rights. Again we consider only movant's initial motion.

■ To be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, a person seeking postconviction relief must plead facts, not conclusions, which if they were true would warrant relief, and those facts must not be refuted by the record and have resulted in prejudice. *Boggs v. State,* 742 S.W.2d 591, 594 (Mo.App.1987). The factual matters in appellant's motion which might conceivably entitle him to relief are refuted by the record. His conclusory allegations do not entitle him to a hearing.

The trial court's findings and conclusions were not clearly erroneous.

The judgment is affirmed.

All concur.