**Henry ROWAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55361.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 1989.

Application to Transfer Denied Dec. 12, 1989.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Henry Rowan, movant, appeals the denial of his Rule 27.26 motion (repealed effec-

tive January 1, 1988) after an evidentiary hearing. We affirm.

Movant was convicted by a jury for the rape of his girlfriend's eleven year old daughter, a class B felony, in violation of § 566.030 RSMo Cum.Supp.1982 and sentenced to twenty years imprisonment. His conviction was affirmed on direct appeal by this court in *State v. Rowan*, 703 S.W.2d 7 (Mo.App.1985).

Movant filed a *pro se* motion to vacate, set aside, or correct his sentence under Rule 27.26, alleging ineffective assistance of counsel. Appointed counsel then filed an amended motion, and an evidentiary hearing was held in which movant and his trial counsel testified. The motion court, in denying relief, entered detailed findings of fact and conclusions of law.

On appeal, movant contends that the motion court erred in denying movant's challenge that trial counsel was ineffective in: (1) failing to cross-examine the victim's mother regarding her drug and alcohol abuse, where such matters are admissible to impeach credibility; and (2) failing to obtain a specific serological analysis of semen evidence.

■ Initially, we note that our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915[1] (Mo.App.1986). The motion court's findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915[1]. The motion court is not required to believe movant's testimony at the evidentiary hearing, and the reviewing court is required to defer to the motion court's determination of credibility. *Armour v. State*, 741 S.W.2d 683, 688[1, 2] (Mo.App.1987). The burden rests upon movant to prove his asserted grounds for relief by a preponderance of the evidence. *Id.*

To prevail on a claim of ineffective assistance of counsel, movant must show that: (1) his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) he was thereby prejudiced. Both the performance prong and the prejudice prong must be satisfied. If movant fails to satisfy one prong, the reviewing court need not consider the other. Therefore, it is not necessary to examine the performance component first. If the claim may be more easily disposed of on the ground of lack of prejudice, the reviewing court is free to do so. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We now turn to movant's contentions on appeal.

■ In his first point, movant contends that the trial court erred in denying his challenge that trial counsel was ineffective in failing to cross-examine the victim's mother regarding her drug and alcohol abuse. Movant alleges that such matters are admissible to impeach credibility. We note that it is axiomatic that "the extent of cross-examination and the subjects covered must in virtually every case be left to the judgment of counsel." *Atkins v. State*, 741 S.W.2d 729, 731[8] (Mo.App.1987) (quoting *Williams v. State*, 712 S.W.2d 404, 409[8] (Mo.App.1986)). We have examined the mother's testimony at trial. The import of her testimony was the identification of movant as the perpetrator of her daughter's rape, and the fact that the movant did engage in sexual relations with her daughter. The daughter also testified in greater detail as to the identification of movant as the perpetrator of her rape and the rape itself. Even had the mother's credibility been impeached by disclosing her alleged drug and alcohol abuse, her testimony regarding the crime and the identification of movant is cumulative of her daughter's testimony. In light of the cumulative impact of the mother's testimony, in addition to the general principle that cross-examination is left to the judgment of trial counsel, we cannot say that movant was prejudiced or that his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. The

motion court did not err in ruling against movant on this point.

In his second point, movant contends that the trial court erred in denying his challenge that trial counsel was ineffective in failing to obtain a specific serological analysis of semen evidence. During the evidentiary hearing, trial counsel testified that he explained that a further test could be conducted on the semen evidence, but that movant did not desire such testing. The trial record reveals that trial counsel later requested the trial court to order such a test, but due to the fact that the request was made during the course of the trial, it was denied. At the evidentiary hearing, trial counsel testified that the late request for the test was a matter of trial strategy. Trial counsel had hoped that the trial court would deny such a request due to its timing, with the result that the trial court's denial might be overturned on appeal. Movant testified at the evidentiary hearing that he did request such a test.

■ The credibility of witnesses is for the motion court's determination. *Richardson*, 719 S.W.2d at 915[1]. Further, the reviewing court is required to defer to the motion court's determination of credibility. *Armour*, 741 S.W.2d at 688[1, 2]. The motion court chose to believe the testimony of trial counsel that movant did not desire such testing, and that as a matter of trial strategy, said testing was not requested until a point in time when the trial court would not grant such a request. The motion court chose not to believe movant's testimony. We will not disturb the motion court's determination of credibility on appeal, and conclude that the motion court did not err in ruling against movant on this point.

Judgment affirmed.

DOWD, P.J., and HAMILTON, J., concur.