**Kelly Lee NEAL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16806.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1990.

Brad B. Baker, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant, Kelly Lee Neal, was charged with two counts of kidnapping, § 565.110, one count of forcible rape, § 566.030, two counts of sodomy, § 566.060 and two counts of stealing, § 570.030. Pursuant to a plea agreement, movant entered pleas of guilty to the charges of kidnapping, forcible rape and sodomy. As a part of that plea agreement, the two counts of stealing were dismissed at sentencing. The plea agreement also provided that no further charges based upon the incident in question would be filed.

Upon the convictions resulting from his pleas of guilty movant was sentenced, in accordance with the written plea agreement, to two terms of seven years on Counts I and II, kidnapping, and life terms on each of Counts III, IV and V, forcible rape and two counts of sodomy. The sentences for the two counts of kidnapping were ordered to run concurrently with each other, but consecutive to the three life sentences which are to run consecutively. Movant appeals from the dismissal of his amended 24.035 motion attacking those convictions without an evidentiary hearing.

■ Movant's sole point on appeal is that the motion court erred in dismissing his 24.035 motion for the reason that he pleaded that he received ineffective assistance of counsel because "counsel failed to fully examine the state's evidence against appellant and to fully explain the state's charges against appellant". That point does not comply with Rule 84.04(d) which requires a statement that sets forth "wherein and why" the trial court erred. The Court of Appeals "has no duty to resort to the argument section of the brief to ascertain 'wherein and why' movant is claiming the court erred." *Turner v. State*, 669 S.W.2d 642, 644 (Mo.App.1984). As a result, movant's point on appeal presents nothing for review and the judgment is affirmed. *Tate v. State*, 773 S.W.2d 190 (Mo.App.1989). Movant's failure to present a point on appeal is a procedural bypass and the judgment of the trial court and this court rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

■ Even according movant's argument a gratuitous review would not aid him. The conclusory character of movant's motion under Rule 24.035 is reflected in his point. The following is representative of the allegations contained in his motion upon which the movant bases his argument.

"b) Movant was deprived of due process and effective assistance of counsel and a fair trial when the trial court accepted his plea of guilty because the plea was not made voluntarily, intelligently and knowingly, with a full understanding of the charges against him and the consequences of his actions in that movant failed to fully understand the nature of the charges against him and the consequences of his actions before entering a plea of guilty because of his attorney's failure to explore the evidence against movant and explain the necessary elements of each charge, and his own lack of familiarity with the criminal justice system."

Movant's conclusory allegations did not warrant an evidentiary hearing. *Franks v. State*, 783 S.W.2d 437 (Mo.App.1990); *Cash v. State*, 778 S.W.2d 779 (Mo.App.1989); *Boggs v. State*, 742 S.W.2d 591 (Mo.App. 1987). The motion court properly dismissed the motion under Rule 24.035 without an evidentiary hearing.

The judgment of the motion court is affirmed.

PREWITT and CROW, JJ., concur.