STATE of Missouri, Respondent,

v.

Percy COOPER, Appellant.

Percy COOPER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41984.

Missouri Court of Appeals,
Western District.

June 11, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1991.

Mary K. Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and KENNEDY, GAITAN and WASSERSTROM, JJ.

GAITAN, Judge.

Appellant, Percy Cooper, appeals his conviction for robbery in the first degree and from the denial of his motion for correction of the conviction under Rule 29.15. Specifically, appellant alleges that the trial court erred in (I) overruling his motion to suppress an in-court identification; (II) running the sentence resulting from this conviction consecutive to all other sentences imposed prior to or after this sentence; and (III) not disqualifying itself on its own motion for alleged bias. Appellant also alleges that the motion court erred in (IV) finding that appellant's trial counsel rendered effective assistance of counsel. Appel-

lant's conviction and the judgment of the motion court are affirmed. This case is remanded, however, with the instruction that the appellant be sentenced in compliance with this opinion.

In the early morning hours of December 13, 1987, the co-manager (Joseph Hart) and an assistant manager (Charles Davis) of Wendy's restaurant in Liberty, Missouri, were preparing for the coming business day. Shortly before 6:00 a.m., Michael Walker, an employee of Wendy's, arrived at the locked back door and rang the bell. While waiting for Hart or Davis to let him in, Walker was approached by a person carrying a gun and wearing a woman's stocking over his head. This person stuck the gun in Walker's back and told him to "be calm and no one will get hurt."

Davis went to the back door and let Walker in, followed closely by the gunman. After telling Walker to go to, and stay in, the bathroom, the gunman forced Davis to lead him to the restaurant office. In route to the office, the gunman told Davis "I want all the money." Hart was busy in the office when the gunman and Davis arrived. Hart was forced to open a floor safe and the gunman placed the money into a bag. The gunman ordered Hart and Davis into the bathroom with Walker and left the restaurant.

On December 31, 1987, appellant was arrested by the police. A search of his vehicle revealed a .357 magnum handgun. Both Hart and Davis later indicated that the recovered handgun was very similar to the one used in the robbery. Both also positively identified the appellant as the robber. Appellant was convicted by a Clay County jury of first degree robbery on April 11, 1989. The court sentenced appellant as a prior and persistent offender to a term of life imprisonment to run consecutive to all other sentences imposed prior to or after this sentence.

Appellant filed a *pro se* motion for relief under Rule 29.15 on December 4, 1989. This motion was amended by counsel on February 15, 1990. After a hearing on appellant's motion the motion court denied relief.

## I.

■ Charles Davis, the Wendy's assistant manager present at the robbery, identified appellant at trial as the robber. Prior to trial, appellant sought, and was denied, a motion to suppress an in-court identification by Davis. At trial, appellant was allowed to make a continuing objection to the in-court identification made by Davis. On appeal, appellant argues that the trial court erred in overruling his motion to suppress because the in-court identification denied him a fair trial. Appellant founds his argument on the contention that the "photograph lineup procedure" used by police, in which Davis initially identified appellant, was impermissibly suggestive.

On December 31, 1987 (approximately two and one half weeks after the robbery), police showed Davis a photograph array of six photos, one of which was of appellant. Davis chose two pictures, including the one of appellant, and stated that he was not absolutely positive the robber was one of the two. On January 15, 1989, Davis was again shown an array of six photographs, including one of appellant. While the transcript is somewhat unclear about the result of this second viewing, appellant's brief indicates that Davis selected appellant's photo. After these two photo lineups, Davis was shown four recent photos of appellant. Davis unequivocally stated that these recent photos were of the robber. Appellant contends that this identification process tainted Davis' in-court identification denying him his constitutional right to a fair trial.

■ To succeed in showing that the photo identification procedure improperly prejudiced him at trial, appellant must show (1) "that the investigative procedures employed by the police were impermissibly suggestive," and (2) "that the suggestive procedures made the identification at trial unreliable." *State v. Vinson*, 800 S.W.2d 444, 446 (Mo. banc 1990) (citing *State v. Williams*, 717 S.W.2d 561, 564 (Mo.App. 1986)). We hold that the photo identification procedures used by the police were not "impermissibly suggestive." Therefore,

appellant has failed to prove the first step required by *Vinson* and there is no need for us to review for reliability. *Vinson*, 800 S.W.2d at 446; *see also State v. Pieron*, 755 S.W.2d 303, 308 (Mo.App.1988).

■ The cornerstone of an analysis for "impermissibly suggestive" photo identification procedures is whether the witness' identification is the result of "improper comment or activity on the part of the officer showing the photograph...." *State v. Thomas*, 705 S.W.2d 579, 582 (Mo. App.1986). Other courts have stated that an identification is impermissibly suggestive when "made as a response to suggestions or encouragement of the police" but not when "based upon the witness' own recollection and observation of the defendant's appearance." *State v. Moore*, 726 S.W.2d 410, 412 (Mo.App.1987).[1]

The court in *Moore* indicated that, in terms of photo identifications, "[t]he danger of suggestiveness arises from the use of a single photo or some emphasis on one photo in a group." 726 S.W.2d at 412. The heart of appellant's argument is that Davis made only one positive identification of the robber: That identification coming only after Davis was shown four recent photos exclusively of the appellant, and thus appellant alleges that the procedure was "impermissibly suggestive." This argument ignores the fact that Davis, on two separate occasions, selected appellant's photo from an array of six pictures before seeing the four recent photos of the appellant. However, even without considering the two prior identifications by Davis, appellant has failed to show impermissible suggestiveness.

We do not disagree with the holding in *Moore* that the danger of impermissible suggestiveness arises when only one photo, or only photos of the suspect, are shown to the witness. However, finding that such facts surrounded a photo identification merely acts as an alarm to the court for further inquiry and is not enough alone to warrant reversing a conviction. Missouri courts have repeatedly held that "[t]he showing of a single photograph of a suspect to a witness, where there is no improper comment or activity on the part of the police in showing the photograph, does not result in impermissible suggestiveness." *State v. Morant*, 758 S.W.2d 110, 117 (Mo. App.1988); *State v. Pieron*, 755 S.W.2d 303, 309 (Mo.App.1988); *State v. Thomas*, 705 S.W.2d 579, 582 (Mo.App.1986). All of these cases indicate that even where only one photo, or only photos of the suspect, are shown to a witness, no impermissible suggestiveness exists without an affirmative showing of "improper comment and activity" by police. Appellant attempts to bootstrap this requirement by arguing that showing Davis only photos of the appellant was inherently an improper comment or activity. Such an argument simply does not comport with the controlling caselaw.

Appellant has only succeeded in showing that Davis was shown four recent photos of appellant and has failed to even argue improper comment or activity by the police. Given the two prior photo lineups where Davis selected appellant's photo, we hold that the photo identification procedures were "based upon the witness' own recollection and observation of the defendant's appearance." *State v. Moore*, 726 S.W.2d 410, 412 (Mo.App.1987). Therefore, appellant has failed to show impermissible suggestiveness and a review of the reliability of the identification at trial is pointless. *State v. Vinson*, 800 S.W.2d 444, 446 (Mo. banc 1990); *State v. Pieron*, 755 S.W.2d 303, 308 (Mo.App.1988).

## II.

■ Appellant's second argument is that the sentence imposed by the court was cruel and unusual punishment because it

---

1. The quoted language from *Moore* was made in response to the defendant's argument that a "showup" identification, one in which a suspect is shown to the victim immediately after the crime, was impermissibly suggestive. There is, however, a direct analogy between the suggestiveness concerns in photo arrays, lineups, and "showups," *see State v. Pieron*, 755 S.W.2d 303, 308 (Mo.App.1988); *State v. Holly*, 697 S.W.2d 250, 252 (Mo.App.1985), and therefore the standard stated in *Moore* is applicable to the issue presented by this appeal. Further, the court in *Moore* was also confronted with a claim of an impermissibly suggestive photo identification.

"in effect sentenced appellant for crimes he had not yet been convicted of and created an improperly perpetual excessive sentence." Specifically, the sentence of the court stated that appellant's life sentence from this conviction would run "consecutive to all other sentences imposed prior to or after this sentence including any sentence in cause CR187–1465." A literal reading and application of this sentence would require that the life sentence imposed in this case run consecutively to all future sentences, even for crimes not yet committed.

■ Mo.Rev.Stat. § 558.026.1 (1986), which controls the imposition of concurrent and consecutive terms of imprisonment, states that "[m]ultiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively...." While our research discloses no other Missouri cases on point, we hold that the language used in § 558.026.1 necessarily implies that a sentence can only be made consecutive to existing sentences arising from final judgments. In other words, § 558.026.1 does not contemplate a court running a sentence consecutively to possible sentences for potential crimes.

This interpretation is in harmony with the principle that, to be valid, "a sentence must be definite and certain." *Richmond v. State*, 484 S.W.2d 280, 282 (Mo.1972). In *Richmond*, the Missouri Supreme Court was faced with an analogous case in which the appellant questioned the validity of his plea bargain. Appellant alleged that the prosecutor, in exchange for the defendant's guilty plea, promised that sentences from state and federal offenses would run concurrently. In fact, the sentences ran consecutively. The Missouri Supreme Court held that the state trial court could not have run the state sentence concurrently to the federal sentence: The federal convic-

tion and sentence, at the time the defendant was sentenced in state court, was pending appeal and, therefore, not a final judgment. *Id.* "Any such order necessarily would have been made on a contingency, or subject to a future decision, which would have violated the rule that a sentence must be certain and definite." *Id.* The sentence, as issued in this case, also would be based on a contingency or future decision and is not definite and certain.

The court's sentence purports to be consecutive to all future sentences and thus violates our interpretation of § 558.026.1 and the rule of law stated in *Richmond*. Therefore, we hold that the sentence, as now written, is improper. Accordingly, we remand this case back to the trial court with instructions that the life term imposed shall run consecutive only to sentences existing on the date when appellant was sentenced in this action.

### III.

■ Appellant claims that the trial court erred in failing to disqualify itself because its ability to be unbiased and impartial could reasonably be called into question. This claim is based exclusively on the fact that the trial judge in the present action also sentenced appellant in a prior, and unrelated, criminal action in Saline County, Missouri.[2] In the previous action, the trial judge also imposed upon appellant, Percy James Cooper, a sentence to run "consecutive to any sentence now pending or thereafter imposed upon the defendant." Appellant argues that this prior sentencing, using the same language as the sentence objected to in this case, betrays bias from the trial court towards appellant.

■ Rule 32.09(c), which implicitly governs self-disqualification of judges, states that a judge should recuse himself or herself "when fundamental fairness so re-

---

**2.** This argument is wholly dependant upon a document appellant refers to in his brief as "Exhibit A." This document purports to be a certified copy of sentence and judgment against appellant, Percy James Cooper, in the prior criminal case from Saline County. "Exhibit A" was not presented by appellant at any phase of the proceedings nor is there any record showing

that it was served on the respondent. Therefore, as "Exhibit A" is not a part of the appeal record it is beyond the consideration of this court. *State v. Wolford*, 754 S.W.2d 875, 880 (Mo.App.1988). Without "Exhibit A" appellant's argument cannot stand. We will, however, deal with the merits of appellant's argument *ex gratia*.

quires." *State v. Owens*, 759 S.W.2d 73, 75 (Mo.App.1988). A judge's decision whether his or her own bias threatens the fundamental fairness of the proceedings is left to the court itself, and we will defer to that decision if there is no abuse of discretion. *Id.* Further, "a judge is entitled to the presumption that he will not undertake to preside at a trial in which he cannot be impartial." *State v. Hoeber*, 737 S.W.2d 484, 486 (Mo.App.1987).

Appellant fails both to overcome the presumption stated in *Hoeber* and to show an abuse of discretion. At most, he has shown that the trial judge sentenced him in a prior action. We have previously held that this alone is insufficient to show potential bias in a judge. *State v. Williams*, 747 S.W.2d 635, 637 (Mo.App.1988). Further, the language used in the prior sentence running the sentence consecutively with future sentences is given undue significance by appellant. In light of our ruling on the immediately preceding point, the prior sentence may not have been proper but it certainly betrays no bias. We hold that this point is without merit and is overruled.

### IV.

Finally, appellant alleges that the motion court erred in ruling against him on his motion for relief under Rule 29.15. The specific nature of appellant's allegations are (1) that the motion court did not make an adequate finding of fact concerning counsel's effectiveness in cross-examining a witness with alleged inconsistent statements in a police report; and (2) trial counsel was, in fact, ineffective in failing to cross-examine the same witness with the allegedly inconsistent statements in the police report.

■ In reviewing the findings, conclusions, and judgment of the motion court we review only for clear error. Rule 29.15(j); *Jones v. State*, 771 S.W.2d 349, 351 (Mo. App.1989). Without a firm impression, based on the entire record, that a mistake has been made we will not find the decision clearly erroneous. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc), *cert. denied*, — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

■ Rule 29.15(i) requires that the motion court "issue findings of fact and conclusions of law on all issues presented" by the appellant's motion for a correction of a conviction. This requirement is essentially identical to the requirement found in Rule 27.26(i), a prior rule controlling post-conviction relief. In terms of Rule 27.26(i), other courts have held that the findings of fact and conclusions of law are sufficient, even if sparse, if they permit meaningful appellate review of the judgement. *Cash v. State*, 778 S.W.2d 779, 780 (Mo.App.1989); *Naden v. State*, 773 S.W.2d 906, 907 (Mo. App.1989). We find this standard to be appropriate in determining if the motion court's findings of fact were sufficient in terms of Rule 29.15(i).

■ The issue presented by appellant's *pro se* and amended motion for relief from the conviction was whether defense counsel "failed to adequately cross-examine witness Davis as to identification." Under "Findings of Fact," the order of the motion court states that "movant's counsel ... adequately cross-examined witness Davis as to identification." We hold that this finding permits meaningful appellate review and sufficiently meets the standards stated in *Cash* and *Naden*.

■ Appellant further argues that counsel was ineffective in failing to cross-examine Davis concerning allegedly inconsistent statements in a police report. To prevail on this claim, appellant must show that (1) trial counsel's performance fell below the customary skill and diligence expected of a reasonably competent attorney under similar circumstances; and (2) that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant carries the burden of proving that both prongs of the *Strickland* test have been met. *Rowan v. State*, 779 S.W.2d 657, 658 (Mo.App.1989). Appellant has failed to prove either prong.

■ "[T]he extent of cross-examination and the subjects covered must in virtually every case be left to the judgment of coun-

sel." *Williams v. State*, 712 S.W.2d 404, 409 (Mo.App.1986); *see also Rowan*, 779 S.W.2d at 658; *Atkins v. State*, 741 S.W.2d 729, 731 (Mo.App.1987). The transcript from the hearing reveals clearly that appellant's trial counsel made a conscious tactical decision within her trial strategy: It was her opinion that to further cross-examine Davis would have, at best, served only to highlight Davis' positive identification of appellant as the robber. We cannot say that this decision fell below the performance expected of a reasonably competent attorney under similar circumstances.

■ Even if we assume, however, that counsel failed to perform within acceptable standards, appellant has not shown resulting prejudice. The record provided by appellant failed to contain the police report that allegedly contained statements inconsistent with Davis' testimony at trial. Without this document, we can only speculate as to what the prejudice might have been. We refuse to engage in such speculation. Further, the transcript from trial indicates that trial counsel thoroughly cross-examined Davis concerning his identification and that another witness identified appellant as the robber. Appellant has simply failed to carry his burden of proving substantial prejudice. Accordingly, this point is denied.

Appellant has not established, on direct appeal or in his Rule 29.15 motion, any substantial basis for relief. Therefore, the conviction and the decision of the motion court are affirmed. This case is remanded to the trial court with the instruction that the sentence be brought into compliance with this opinion.

All concur.