v.

EASTER FENCE COMPANY, INC., Respondent.

No. 74143.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 20, 1998.

Joseph HEIDEBUR, Appellant,

v.

STATE of Missouri, Respondent.

No. 73763.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 20, 1998.

James E. Hullverson, Jr., St. Louis, for appellants.

John F. Cooney, Susan Muldoon Deneault, Evans & Dixon, St. Louis, for respondent.

Before JAMES R. DOWD, P.J., and CRAHAN and RICHARD B. TEITELMAN, JJ.

### ORDER

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin F. Hennessey, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Joseph Heidebur (Movant) files this appeal from the motion court's judgment amending his sentence in response to his Rule 29.15 motion. We reverse the motion court's judgment and vacate the amended sentence.

On May 18, 1995, the State charged Movant with two counts of sodomy of a child under the age of 14 in violation of section 566.060.2, RSMo 1994. The State later amended the information to allege only one count of sodomy of a child under the age of 14. The case was tried and on March 26, 1996, the jury returned a guilty verdict. The jury further recommended that Movant be sentenced to five years of imprisonment. On May 2, 1996, Movant appeared for sentencing. At that time, the trial court orally pronounced Movant's sentence as five years of imprisonment. The court failed to mention if Movant's sentence would be consecutive or concurrent to any sentence he was currently serving. The next day, the court entered its written sentence and judgment, which accurately reflected the oral pronouncement of sentence. Again, the court did not mention whether that sentence would be consecutive or concurrent to any sentence Movant was currently serving. Movant appealed. We affirmed. *State v. Heidebur*, 946 S.W.2d 273 (Mo.App. E.D.1997).

Following the issuance of the mandate in his direct appeal, Movant filed a timely *pro se* motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 29.15. His court-appointed counsel filed an amended motion on October 23, 1997. In that motion, Movant pointed out the court's sentence was silent as to whether his sentence would be served concurrently or consecutively to any other sentences. Movant contended the sentence was presumed to be served concurrently under Section 558.026, RSMo Cum.Supp. 1997. Movant asked the court to enter a *nunc pro tunc* order clarifying his sentence to specifically reflect that his sentence in this matter (CR294–326FX) should be served concurrently with his federal sentence in Cause No. 1:95CR00052.

The court heard argument on the motion and the cause was submitted on the pleadings and argument. On December 4, 1997, the court entered a judgment amending Movant's sentence in CR294–326FX to be served *consecutively* to his federal sentence in Cause No. 1:95CR00052. On January 2, 1998, Movant filed a motion to set aside the court's December 4th order, contending the motion court's order was null and void because Movant had not yet been sentenced in

his federal case. Movant then filed this appeal.

On appeal, Movant asserts the motion court clearly erred in amending his sentence to reflect that it be served consecutively to his federal sentence because the court was without jurisdiction to enter a written judgment and sentence that differed from the oral pronouncement of sentence.

■ The State concedes that the motion court clearly erred in amending its judgment and sentence. We agree. The trial court lost jurisdiction to modify a sentence once it is reduced to a written judgment. *See, e.g., Drennen v. State,* 906 S.W.2d 880, 881–82 (Mo.App. E.D.1995); *State v. Bulloch,* 838 S.W.2d 510, 513 (Mo.App. W.D.1992). However, Movant invited the court's amendment to his sentence by filing a Rule 29.15 motion. He asked the court to amend his sentence to specifically reflect that his sentence should be served concurrently with his federal sentence in Cause No. 1:95CR00052.

■ We do not need to determine the effect, if any, of Movant's invitation. As the State points out, Movant's initial conviction in his federal case was reversed in *United States v. Heidebur,* 122 F.3d 577 (8th Cir. 1997) on August 11, 1997. According to the minutes, as of December 4, 1997, Movant had not been convicted or sentenced in his federal case.[1] Therefore, the motion court could not order Movant's sentence to be served consecutive to his federal sentence, because Movant was not serving any federal sentence at that time. A sentence may be made consecutive only to existing sentences arising from final judgments, not possible sentences for potential convictions. Sec. 558.026.1; Rule 29.09; *State v. Cooper,* 811 S.W.2d 786, 790 (Mo.App.W.D.1991). Here, the court's attempted amendment purports to make Movant's sentence consecutive to a future federal sentence. Therefore, the sentence as now written is unlawful.

■ The State argues this case is moot because the motion court's judgment of December 4, 1997 is a nullity. A question is

moot when the question presented for decision seeks a judgment upon some matter, which if judgment were rendered, could not have any practical effect upon any then existing controversy. *State v. Eyberg,* 671 S.W.2d 26, 28 (Mo.App. S.D.1984). Here, this opinion will have the effect of clarifying which written sentence applies. Therefore, the case is not moot.

We reverse the amended judgment of the motion court which attempted an amendment of the sentence of December 4, 1997. The court must reinstate the prior written sentence of May 2, 1996. *See, Drennen,* 906 S.W.2d at 882.

ROBERT G. DOWD, Jr., C.J., and PUDLOWSKI, J., concur.

---

1. Movant ultimately pleaded guilty in his federal case on December 8, 1997, four days after the amended sentence in this matter. His sentencing was set for January 12, 1998. The record before us does not reflect Movant's sentence.