Anthony T. HARPER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 68489.

Missouri Court of Appeals,
Western District.

July 1, 2008.

Rosemary E. Percival, Kansas City, MO, for Appellant.

Daniel N. McPherson, Jefferson City, MO, for Respondent.

Before: JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

**Factual and Procedural Background**

Mr. Anthony T. Harper pled guilty to two cases in St. Louis County (the "original plea court") on February 17, 2005. He was sentenced to seven years imprisonment. The execution of his sentence was suspended, and he was placed on five years probation. Subsequently, Mr. Harper was charged with burglary in Clay County and pled guilty (the "subsequent plea court") on June 12, 2005. On April 27, 2006, he was sentenced to six years for burglary to run consecutively with the St. Louis County sentences.

Mr. Harper filed a Rule 24.035 motion arguing that his sentence was excessive because it violated section 558.026 [1] and because the original plea court should have determined whether the sentences ran concurrently or consecutively. Mr. Harper also argued that his counsel was ineffective for failing to object to the consecutive sentence. The motion court denied the motion and made the following findings of fact and conclusions of law:

> It is legally concluded that Section 558.026 allowed the sentence in the Clay County case to be imposed to run consecutively to the sentences of seven years imprisonment that had been pronounced in the two St. Louis County cases, the execution of which had been suspended and remained suspended when the Clay [C]ounty sentence was pronounced.

The motion court also stated that Mr. Harper's counsel was not ineffective because an objection to the consecutive sentence would have had no merit. Section 558.026 sets forth in pertinent part:

> If a person who is on probation, parole or conditional release is sentenced to a term of imprisonment for an offense

---

1. All statutory references are to RSMo 2000.

committed after the granting of probation or parole or after the start of his conditional release term, the court shall direct the manner in which the sentence or sentences imposed by the court shall run with respect to any resulting probation, parole or conditional release revocation term or terms.

Mr. Harper appeals the denial of his Rule 24.035 motion arguing that his sentence was excessive because the original plea court should determine whether the sentences will run concurrently or consecutively, and the original plea court had indicated that the sentences should run concurrently.

## Standard of Review

■■■ We review the denial of a Rule 24.035 motion to determine whether the motions court's findings of fact and conclusion of law are clearly erroneous. Rule 24.035(k); *Day v. State*, 143 S.W.3d 690, 692 (Mo.App. W.D.2004). "The motion court's findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made." *Id.* (internal quotation marks omitted).

## Legal Analysis

Mr. Harper argues that the statute is ambiguous in that it is unclear which court the statute is referring to when it confers the ability to "direct the manner in which the sentence . . . imposed by the court shall run with respect to any resulting probation, parole, or conditional release[2] revocation term or terms." § 558.026.2.

He further argues that under the rule of lenity, the ambiguity should be resolved in his favor. The language of this statute is not ambiguous. It is clear from the context of the statute that the court that determines whether the sentences will run concurrently or consecutively is the subsequent plea court and not the original plea court.[3] If the statute had intended for the original plea court to make this determination, there would be no reference to any resulting probation revocation. This reference indicates that in those cases where the original and subsequent courts are not the same, the court determining whether the sentence should be served consecutively or concurrently, is not the same court making the decision regarding revocation of probation.

■■■ Furthermore, "the court shall direct the manner in which the sentence or sentences imposed by the court shall run." § 558.026.2. This clearly indicates that "the court" is the subsequent plea court. The original plea court has already imposed a sentence and now only has the opportunity to revoke the defendant's probation; the subsequent plea court does not impose a new sentence but executes the suspended sentence. The statute is not ambiguous and clearly assigns the determination of whether a subsequent sentence runs concurrently or consecutively to the subsequent plea court. The court's conclusions of law on the application of section 558.026.2 were not clearly erroneous.

Mr. Harper also argues that the original plea court should determine whether the sentence runs concurrently or consecutively. Otherwise, he argues, the subsequent

---

**2.** For this case we will refer to "probation, parole, or conditional release" as probation because Mr. Harper was on probation. Our reference to probation should not be taken to indicate that parole or conditional release terms should be treated differently.

**3.** Sometimes the original court and plea court are the same court. In those cases there is no controversy because one court is clearly responsible for both decisions. That is not the situation in the current case.

plea court will be sentencing the defendant based on a contingency, i.e. whether the probation will be lifted. In support of this argument he cites *State v. Cooper*, 811 S.W.2d 786 (Mo.App. W.D.1991), *Heidebur v. State*, 980 S.W.2d 138 (Mo.App. E.D. 1998), *Richmond v. State*, 484 S.W.2d 280 (Mo.1972), and *Woods v. State*, 993 S.W.2d 530 (Mo.App. S.D.1999). None of these cases supports this argument.

In *Cooper* the court found that a sentence ordered to run consecutively to all sentences imposed in the past and in the future violates the requirement that the sentences must be certain and definite. 811 S.W.2d at 790. This case is dissimilar to that because the sentence is to run consecutively with any revocation of the probation of a prior sentence and makes no mention of future sentences. A suspended execution of sentence is a final judgment. *Edwards v. State*, 215 S.W.3d 292, 295 (Mo.App. S.D.2007). In a suspended execution of sentence, "only the act of executing the sentence has been suspended, a criminal conviction has been entered and the sentence has been assessed." *Id.* (internal quotation marks omitted). "Probation is not part of the sentence and operates independently of the sentence." *State v. Nelson*, 9 S.W.3d 687, 688 (Mo. App. E.D.1999). Thus, the revocation of probation does not represent a future sentence, but merely is the execution of an existing sentence.

In *Heidebur, Richmond*, and *Woods*, the sentences could not be determined to run concurrently or consecutively because the existing sentences were not final, because they were under appeal, or had been reversed for new trial, or no sentence had been ordered yet. *Heidebur*, 980 S.W.2d at 140; *Richmond*, 484 S.W.2d at 282; *Woods*, 993 S.W.2d at 537. Mr. Harper's reliance on these cases is inappropriate, because each is based on whether the prior sentence was final, and none of them involve probation. Thus, they do not address the core issue of the present case. As seen above, the argument that the prior sentence was not final is incorrect.

Finally, Mr. Harper argues that because the statute is ambiguous, this court should not follow the precedent of *State v. Dailey*, 53 S.W.3d 580 (Mo.App. W.D.2001), or *State v. Johnson*, 740 S.W.2d 279 (Mo.App. E.D.1987). The statute is unambiguous on its face, and we have not relied on either case. Therefore, we do not need to address this argument any further. Mr. Harper's point is denied.

### Conclusion

The judgment of the motion court ordering his sentence to run consecutively with any probation revocation was not clearly erroneous and is affirmed.

JAMES M. SMART, JR., P.J. and RONALD R. HOLLIGER, J. concur.