**STATE of Missouri, Respondent,**

v.

**Byron FOLLINS, Appellant.**

**No. 47207.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Application to Transfer Denied
July 17, 1984.

---

3. Appellant was given the advice required to be given by Rule 24.02(b) before her plea was accepted.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

A jury convicted defendant of capital murder and the trial court imposed the recommended sentence of life imprisonment without possibility of probation or parole for 50 years. We affirm.

Defendant armed himself with a nightstick and went to the restaurant of the victim, Anthony Slay, with the intention of robbing him. Defendant, a former employee of Slay, secreted himself into a small space in the restaurant's ceiling where he remained until the restaurant closed. After the employees left, defendant climbed down and began packing meat to steal. He admitted to the police waiting for victim to open the restaurant the next morning, a Sunday. When victim arrived, defendant approached him from behind and struck him in the back of the head several times with the nightstick. Defendant then placed the stolen meat in victim's car and drove off to sell it. Defendant testified at trial to robbing and killing the victim, but claimed the killing was unintentional.

■ Defendant seeks a new trial because the trial court overruled his objection to "death qualifying" the jury under *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); because the same jury that determined defendant's guilt also determined his punishment, § 565.006, RSMo 1978; and because the exclusion of all jurors opposed to capital punishment denied defendant's right to a jury drawn from a fair cross-section of the community. Defendant relies almost exclusively on *Grigsby v. Mabry*, 483 F.Supp. 1372 (E.D.Ark.), *modified*, 637 F.2d 525 (8th Cir.1980), *on remand*, 569 F.Supp. 1273 (E.D.Ark.1983), now pending appeal once more in the Eighth Circuit.

Defendant's point must be denied in accordance with several recent Missouri Supreme Court decisions, the latest of which expressly considered the *Grigsby* opinion but nevertheless rejected the findings and conclusions upon which defendant now bases his argument. *State v. Guinan*, 665 S.W.2d 325 at 329–330 (Mo.banc 1984). See also, *State v. Smith*, 649 S.W.2d 417 (Mo. banc), *cert. denied* —— U.S. ——, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); *State v. Blair*, 638 S.W.2d 739 (Mo.banc 1982) *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030, *reh. denied*, 459 U.S. 1229, 103 S.Ct. 1240, 75 L.Ed.2d 472 (1983);

*State v. Stokes,* 638 S.W.2d 715 (Mo.banc 1982) *cert. denied,* 460 U.S. 1017, 103 S.Ct. 1263, 75 L.Ed.2d 488 (1983); *State v. Mercer,* 618 S.W.2d 1 (Mo.banc), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981).

■ A tape recording of defendant's murder confession was played for the jury at trial. Defendant claims its admission was erroneous, alleging an improper foundation failed to adequately show a chain of custody from the time the tape was made until trial.

When defendant's lawyer objected to the tape's introduction, the officer who made the recording listened to it outside the presence of the jury. He then testified it was the same recording he had made of defendant's confession. By positively identifying the tape recording, the officer rendered the chain of custody issue moot. See *State v. Mangan,* 624 S.W.2d 156 (Mo.App.1981); *State v. Ingram,* 607 S.W.2d 438 (Mo.1980).

Judgment affirmed.

REINHARD and PUDLOWSKI, JJ., concur.