**Darryl WESSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55044.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1989.

Application to Transfer Denied
May 16, 1989.

Elizabeth R. Brown, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pleaded guilty to first degree murder in exchange for a sentence of life imprisonment and a nolle prosequi on the remaining charges of capital murder and armed criminal action. The trial court accepted his plea after questioning movant extensively as to the voluntariness of his plea, particularly noting his confession and the possibility of his establishing a defense of mental incapacity. The plea bargain was fully complied with.

On October 27, 1986, movant filed a pro se Rule 27.26 motion which was incorporated by reference in his first amended motion filed by appointed counsel. Movant made numerous allegations that his trial counsel was ineffective. After reviewing the transcript of movant's plea hearing, the motion court entered its findings of fact and conclusions of law denying the motion. The court concluded movant's "plea was knowingly and voluntarily given and intelligently made." The court further found that all of movant's allegations, in both his pro se and first amended motions, were refuted by the plea transcript.

On appeal, movant challenges both the sufficiency of the findings and conclusions of the motion court and the denial of his motion without an evidentiary hearing on his claim his counsel failed to interview alibi witnesses. He also raises the issue of the effectiveness of his counsel for failing to "have a hearing to determine [movant's] competency to plead guilty in light of medical reports [regarding his mental condition]...."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. The findings and conclusions of the motion court are sufficient if they cover all points so as to permit meaningful appellate review. *McCoy v. State*, 610 S.W.2d 708, 709 (Mo. App.1981).

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective

assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

We have reviewed movant's allegations of ineffectiveness of counsel, the record, and the findings and conclusions of the motion court. The findings and conclusions are sparse and skeletal; however they are sufficient to permit meaningful appellate review.

 The allegation in movant's claim that his counsel was ineffective for failing to contact alibi witnesses who "would have testified that movant was at [the home of one of the alibi witnesses] at the time of the [crime] ..." is refuted by the plea transcript. Movant admitted before the court and in his full confession that he had gone to the victim's home, struck him in the head with a sledgehammer and taken the victim's stereo equipment and television. The court asked, at the plea hearing, "Did you know that [hitting the victim with the sledgehammer] was going to kill him." He responded, "Yes, sir." Movant told the court that his confession was voluntary and that the facts stated therein were correct. The failure to investigate an alleged alibi witness could hardly be said to constitute ineffective assistance of counsel where the movant admits his confession was voluntary and the facts therein are accurate. Moreover, under the circumstances of this case we can see no prejudice to movant.

Movant did not raise his claim that his counsel was ineffective for failing to have a hearing to determine his competency to plead guilty in his motion. Claims which should have been presented to the motion court cannot be raised for the first time on appeal. *Stokes v. State*, 671 S.W.2d 822, 824 (Mo.App.1984). Furthermore, the court and counsel thoroughly explained this issue before movant's plea was accepted. The plea transcript reveals that movant knowingly, intelligently and voluntarily entered his plea.

The findings and conclusions of the motion court are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.