James NADEN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16148.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 1, 1989.

Judith C. LaRose, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant pled guilty to sodomy and was sentenced to five years' imprisonment. He sought under Rule 24.035 to vacate that conviction. The trial court denied movant's motion without an evidentiary hearing. On appeal movant contends that he was entitled to an evidentiary hearing on his claim that he received ineffective assistance of counsel in not investigating the charge and that the trial court erred in not entering specific findings of fact and conclusions of law concerning movant's allegations of ineffective assistance of counsel.

After a plea of guilty, the effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Wesson v. State*, 768 S.W.2d 160, 162 (Mo.App. 1989). Appellate review of such a motion is limited to determining whether the findings and conclusions of the trial court were clearly erroneous. Rule 24.035(j).

Where the alleged error of counsel is a failure to investigate, the determination of whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. *Kline v. State*, 704 S.W.2d 721, 722–723 (Mo.App. 1986).

A motion for post-conviction relief claiming that an attorney's investigation was inadequate must specifically allege what information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that this information would have improved movant's position. *Blackmon v. State*, 767 S.W.2d 81, 83 (Mo.App.1989). Failure to make specific allegations regarding such information renders the motion subject to denial without an evidentiary hearing because it fails to allege facts which entitle movant to relief. *Id.* at 84.

No specific facts were alleged as to what the additional investigation would have revealed, merely that "it would have established clearly that the Movant was not guilty". Such an allegation is a conclusion and does not set forth facts indicating that counsel was ineffective so as to prejudice movant. In addition, by pleading guilty movant waived the complaints regarding his attorney's failure to investigate. *Sanders v. State*, 770 S.W.2d 447, 448 (Mo.App. 1989).

The trial court's findings of fact and conclusions of law are adequate when they enable an appellate court to determine whether they are clearly erroneous. *Huffman v. State*, 668 S.W.2d 255, 256 (Mo. App.1984). Although findings and conclusions are sparse, they are sufficient if they permit meaningful appellate review. *Wesson v. State*, supra 768 S.W.2d at 162. The basis of the trial court's determination was sufficiently set forth for us to determine that it was not clearly erroneous.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.