John **PINE**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 57108.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 1, 1990.

Thomas R. Motley, Public Defender, Hannibal, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for State.

DOWD, Presiding Judge.

Appellant, John Pine, pleaded guilty to a charge of murder in the second degree and armed criminal action. § 565.021 and 571.-015 RSMo 1986. On each count, appellant received a sentence of life imprisonment to run concurrently. Appellant filed a pro se Rule 27.26 motion to vacate judgment and sentence alleging counsel's failure to investigate a defense for appellant. The court appointed an attorney who then prepared an amended motion. After a conference on the record during which the appellant was present, the appellant elected to proceed on the basis of his own pro se Rule 27.26 motion and decided not to file the amended motion prepared by his appointed counsel. This appeal follows the denial of his Rule 27.26 motion.

In his point relied on, appellant contends that his attorney failed to adequately investigate the defense of sudden passion which would have mitigated this offense from second degree murder to manslaughter. § 565.023 RSMo 1986. Thus, appellant was forced to plead guilty out of fear of proceeding to trial with an ill-prepared attorney.

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Because a movant must satisfy both the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim, the court may proceed directly to the issue of prejudice. *Richardson v. State,* 719 S.W.2d 912, 916 (Mo.App.1986). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo. App.1987). On a plea of guilty all claims of ineffective assistance of counsel are waived except to the extent they make the plea involuntary. *McGinnis v. State*, 764 S.W.2d 653, 654 (Mo.App.1988).

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson*, 719 S.W.2d at 915. The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

Appellant's contentions are clearly refuted by the transcript of his guilty plea. When the judge asked the appellant if his attorney has done everything that the appellant has asked him to do, the appellant replied "yes." Then when asked if he was satisfied with his attorney's services, the appellant again replied "yes." The court thoroughly explained to the appellant the elements of each crime charged. The appellant also explicitly admits that he "knowingly killed" the victim. There is no evidence that the appellant's guilty plea was anything but voluntary. Thus, the ruling of the motion court was not clearly erroneous. Point denied.

The judgment is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.