ORDER

**161**

Byron **FOLLINS**, Movant,

v.

**STATE of Missouri, Respondent.**

No. 58868.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 22, 1991.

James S. McKay, St. Louis, for movant.

William L. Webster, Atty. Gen., Geoffrey
W. Preckshot, Asst. Atty. Gen., Jefferson
City, for respondent.

PER CURIAM.

Movant appeals denial of a Rule 27.26
[withdrawn in 1988] motion for post convic-
tion relief without an evidentiary hearing.
This court affirmed movant's conviction of
capital murder in *State v. Follins,* 672
S.W.2d 167 (Mo.App.1984). Movant
presents two allegations of error. We af-
firm.

■ First, movant claims the motion
court erred because in alleging that the
trial court expressed bias against movant
in full view of the jury, movant has alleged
facts which, if proven true, would entitle
him to relief. A claim of trial court bias is
an issue cognizable on direct appeal but not
in a Rule 27.26 motion. *See Haynes v.
State,* 661 S.W.2d 76, 79 (Mo.App.1983).

■ Second, movant claims the motion
court erred in denying relief without an
evidentiary hearing because movant al-
leged his trial attorney failed to cross-ex-
amine Sgt. McCoy about beating a confes-
sion out of movant. Movant alleged in his
motion "his rights to cross-examination
were violated in that his trial counsel failed
to cross-examine Sgt. Colin McCoy regard-
ing numerous statements made by movant
even though she believed movant was beat-
en and the police officer was lying." The
motion does not allege that any cross-exam-
ination of Sgt. McCoy would have sup-
ported a finding movant's confession was
involuntary. Accordingly, this point fails
because movant has not alleged how the
matters complained of prejudiced movant's
defense. *Wesson v. State,* 768 S.W.2d 160,
161 (Mo.App.1989).

The findings of the motion court are not
clearly erroneous. Rule 27.26(j). We af-
firm.