**Stephen B. EDMONDS, Movant–Appellant**

v.

**STATE of Missouri, Defendant– Respondent.**

**No. 17523.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 13, 1991.

Robert L. Fleming, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Robert Alan Kelly, Asst. Attys. Gen., Jefferson City, for defendant-respondent.

PARRISH, Judge.

Stephen B. Edmonds (movant) appeals an order denying his Rule 24.035 motion without an evidentiary hearing. This court affirms.

Movant pleaded guilty to Class A felony offenses of murder in the second degree and assault in the first degree. §§ 565.-

021.1 and 565.050.[1] He was charged and sentenced as a persistent offender. § 558.-016.3 and §§ 558.019.2(2) and .4(2), RSMo Supp.1988. The sentences that were imposed in the criminal case were in accordance with terms of a negotiated plea agreement. Movant later filed the Rule 24.035 motion that is the subject of this appeal.

Movant presents one point on appeal. He contends that he received ineffective assistance of counsel in his criminal case. Although movant's allegations are set forth in a single point on appeal, it is in two parts. Different attorneys represented movant at different proceedings in his criminal case. One public defender represented him at preliminary hearing. Two others represented movant after his preliminary hearing—including at his guilty plea hearing. Movant contends that the attorney who represented him at his preliminary hearing was ineffective and that the attorneys who represented him at his guilty plea hearing were also ineffective. Movant contends that the attorney who represented him at preliminary hearing was ineffective because he "failed to adequately challenge [a co-defendant's] preliminary hearing testimony with inconsistencies with the testimony of victim Richards [sic] regarding the actions of the defendants and with the medical examiner's testimony regarding blows to the head being the cause of McDade's death." [2] He contends that the attorneys who represented him at the time he pleaded guilty were ineffective because they "failed to investigate and prepare [movant's] proposed trial defense of intervening cause as to Count I, involving the cause of death of victim McDade, and [movant's] claims that [his co-defendant] was the one who beat the victim and caused his death." Movant further contends that he "was prejudiced by this cumulative ineffectiveness."

This court's review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j). Since movant claims ineffective assistance of counsel, "the focus is on (1) counsel's performance, and, (2) if that performance is deficient, whether prejudice resulted from counsel's breach of duty. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, [738 S.W.2d 856, 857 (Mo. banc 1987)]." *Driscoll v. State*, 767 S.W.2d 5, 7 (Mo. banc 1989). Further, since movant pleaded guilty to the underlying criminal charges, "[a]ny claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo.App.1990).

Movant's complaints regarding the performance of the attorney who represented him at preliminary hearing are directed to the testimony at preliminary hearing of then co-defendant Larry Wallace. Wallace was represented by different counsel than represented movant. At preliminary hearing Wallace testified as a witness for the state. After Wallace's testimony the prosecuting attorney dismissed the complaint upon which the preliminary hearing was held as to Wallace. The prosecuting attorney announced that the state intended to file, "in lieu thereof," a complaint charging possession of cocaine by Wallace.

Movant circuitously argues that Wallace had heard the other two witnesses at the preliminary hearing—Darlene Richard and "the medical examiner" (see n. 2, *supra*)—before Wallace testified. Movant

---

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. Movant erroneously refers to a "medical examiner." Pemiscot County had a coroner, not a medical examiner. The coroner was a retired mortician who testified that his duties "generally" were to "[i]nvestigate violent deaths or deaths of uncaused [?] origin." At preliminary hearing the coroner testified that the body of the victim had a gunshot wound to the back and head wounds. The coroner testified, without objection, that, in his opinion, the cause of the victim's death was "[l]aceration of the brain." He also testified that an autopsy was conducted by a pathologist at Farmington, Missouri, who provided an autopsy report; however, the pathologist did not testify at preliminary hearing. The transcript of the preliminary hearing does not indicate that the pathologist's report was introduced into evidence.

concludes that this "resulted in said co-defendant being able to testify without fear of contradiction by the other State's witnesses and in such a manner as to implicate movant in the conduct which allegedly caused the victim's death." [3] He contends that he "was prejudiced by this ineffectiveness, in that he was deprived of the ability to fully and fairly cross-examine Mr. Wallace concerning the latter's testimony that it was movant who inflicted the beating upon the victim, which in the opinion of the medical examiner at the preliminary hearing caused the victim's death." Movant explains, in his amended Rule 24.035 motion, that this occurred because his attorney "failed to move for severance of the preliminary hearings of movant and his then co-defendant, Larry Wallace, or to object to the procedure which allowed said co-defendant to hear the testimony of the State's witnesses." [4]

Movant's contentions are contrary to what is shown by the face of the transcript from his preliminary hearing. A copy of that transcript is part of movant's legal file. It refutes movant's claim that his attorney at that proceeding did not move to sever his case for separate preliminary hearing or request that Wallace be excluded from that proceeding while the coroner and Ms. Richard testified. After the testimony of the coroner at preliminary hearing, before the testimony of either Darlene Richard or Larry Wallace, movant's attorney learned that Wallace was going to testify. Movant's attorney asked that those persons who were going to testify be excluded from the hearing. The judge who conducted the preliminary hearing granted

the request and announced that all persons who were going to testify, who had not testified, would be required to "wait outside until they are called." Following that announcement by the court, the following occurred:

[LARRY WALLACE'S ATTORNEY]: Your honor, my client will testify.

THE COURT: He can't go outside.

[LARRY WALLACE'S ATTORNEY]: Okay.

.    .    .    .    .

[MOVANT'S ATTORNEY]: I have been informed by [Larry Wallace's attorney] that Defendant Wallace will be testifying against my Defendant, therefore, I am asking that that witness be excused; he, he, I don't think he can have it both ways here.

THE COURT: Well, he can't be excused while charges are pending against him. He's still a Defendant in this case. That motion will be denied.

[MOVANT'S ATTORNEY]: For the record, I'm moving that that witness be excluded as to the Defendant Edmonds. And I presume you're gonna overrule my motion.

THE COURT: You're making a motion that the Defendant Wallace be excluded from the courtroom.

[MOVANT'S ATTORNEY]: Yes.

THE COURT: That motion is denied.

Darlene Richard was then called to testify. After she had answered questions identifying herself and acknowledging that she knew movant's identity, movant's attorney made the following request:

---

**3.** Darlene Richard was present in a cafe that she and the victim in the murder charge, Alton McDade, operated at the time of the altercation that led to McDade's death. Ms. Richard testified that she was shot in the hand and in the head and kicked and beaten with a bar stool. She testified that she did not see who beat her with the bar stool.

**4.** Movant cites no authority to show that severance is available to a co-defendant at preliminary hearing. A docket sheet from the Associate Circuit Judge Division of the Circuit Court of Pemiscot County reflects that the case was initiated by the filing of a complaint. Although the legal file does not include a copy of the com-

plaint, it is evident that both defendants were accused by means of a single complaint. Rule 24.06 prescribes the circumstances in which two defendants charged in an *information* are entitled to have their cases severed for separate trials. There is no corollary rule regarding severing cases for separate preliminary hearings when two defendants are named in one complaint. This court, by its reference to movant's claims that a severance should have been requested, does not intend to infer that movant would have been entitled to have such a request granted in view of there being no rule or statute that so provides. This court need not, and does not, address that question.

[MOVANT'S ATTORNEY]: Your Honor, I, I, I object—I move that these, in view of these developments, I move that this preliminary hearing be severed.

THE COURT: Motion denied.

The requests that movant contends should have been made at preliminary hearing were made. Movant's complaint that his counsel at preliminary hearing was deficient for not doing what, in fact, was done is denied.

Movant's complaints of ineffective assistance of counsel directed to the attorneys who represented him after his preliminary hearing are based upon a premise that Larry Wallace was the one who caused the death of the victim. Movant states that the attorneys who represented him after preliminary hearing "failed to investigate and prepare [movant's] proposed trial defense of intervening cause ... involving the cause of death of victim McDade, and [movant's] claims that co-defendant Wallace was the one who beat the victim and caused his death."

This court's opinion in *Naden v. State*, 773 S.W.2d 906 (Mo.App.1989), succinctly states what must be alleged in a motion for post-conviction relief regarding an attorney's failure to investigate in order for a movant to be entitled to an evidentiary hearing. *Naden* states, at l.c. 907:

A motion for post-conviction relief claiming that an attorney's investigation was inadequate must specifically allege what information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that this information would have improved movant's position. Failure to make specific allegations regarding such information renders the motion subject to denial without an evidentiary hearing because it fails to allege facts which entitle movant to relief. [Citations omitted.]

■ Movant's amended motion states only that his claims that Larry Wallace inflicted the beating upon the victim that caused the victim's death "were not explored." The amended motion does not state what information existed that reasonable investigation would have disclosed. There is no showing that a further investigation would have improved movant's position.

■ Although further review is not required, a scrutiny of the transcript of movant's guilty plea hearing refutes movant's complaints. That record is replete with inquiries by the trial judge about movant's satisfaction with his attorneys and whether the attorneys did those things movant requested them to do. In response to those inquiries, movant expressed satisfaction with his attorneys and acknowledged that they had done those things in representing him that he had requested. The inquiries of the trial judge in movant's case were thorough and complete. Movant's responses reflect no basis for the claim he now makes that his pleas of guilty were involuntary. *See Maulhardt v. State*, 789 S.W.2d 835, 837 (Mo.App.1990); and *Pine v. State*, 788 S.W.2d 794, 795 (Mo.App. 1990).

As there is no showing that the attorneys representing movant, either at preliminary hearing or following preliminary hearing, were deficient in performing their duties, there is likewise no showing of "cumulative ineffectiveness" of counsel. The motion court's conclusion that the record at the guilty plea hearing refuted the allegations movant made that his trial attorneys failed to investigate and prepare for trial so as to render his guilty pleas involuntary is not clearly erroneous. The order denying movant's Rule 24.035 motion is affirmed.

PREWITT, P.J., and CROW, J., concur.