**Michael H. SNYDER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 18176.

Missouri Court of Appeals,
Southern District,
Division One.

May 19, 1993.

Lew Kollias, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Chief Judge.

Michael Snyder (movant) appeals from an order dismissing his Rule 24.035 motion. The motion was dismissed without an evidentiary hearing. This court affirms.

Movant was convicted, upon his plea of guilty, of trafficking drugs in the second degree, § 195.223.7,[1] a class B felony.[2] He was sentenced to seven years' imprisonment. Following his incarceration, movant filed a pro se Rule 24.035 motion. Counsel was appointed and allowed an additional 30 days in which to file an amended motion. An amended motion was timely filed. Written findings of fact and conclusions of law were entered. The amended motion was dismissed.

This court's review is limited to making a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(j).... Further, since movant pleaded guilty to the underlying criminal charge[ ], "[a]ny claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made." *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo.App.1990). *Edmonds v. State*, 819 S.W.2d 90, 91 (Mo. App.1991).

Movant presents one point on appeal. He contends that the motion court "erred in denying [his] motion ... without an evidentiary hearing because [he] pleaded facts

not refuted by the record alleging a denial of effective assistance of counsel which affected the voluntary and knowing nature of his plea." Movant complains that his trial counsel failed to challenge a search of a motor vehicle that contained the controlled substance that was the subject of his criminal charge; "failed to investigate the circumstances of the case, and coerced [movant] into pleading guilty by telling [movant] he was guaranteed a sentence of ten years if he did not plead guilty."

Movant argues "[i]f counsel adequately investigated the facts of the case, counsel would have or should have recognized the illegality of the search and seizure"; and that "[c]ounsel failed to inform and advise Movant of the possibilities of challenging such search and seizure."

The motion court found that movant's allegation that his trial counsel failed to challenge the search that movant now claims was "illegal" was "conclusionary and unsupported by factual allegations showing prejudice." The motion court noted that movant made no allegations of fact regarding the claim that the search was illegal. The motion court concluded that in order to be entitled to an evidentiary hearing, movant was required to plead facts that were not refuted by the record and that, if true, would entitle movant to relief.

■ In order to be entitled to an evidentiary hearing, a motion for post-conviction relief must state, with specificity, facts that support a movant's conclusion that he or she received ineffective assistance of counsel. Movant's motion did not state any factual basis for challenging the search that led to his criminal charge. As such, he was not entitled to an evidentiary hearing. *See Edmonds v. State, supra*, at 93. *See also Naden v. State*, 773 S.W.2d 906, 907 (Mo.App.1989). "Failure to make specific allegations regarding such information renders the motion subject to denial without an evidentiary hearing because it fails to allege facts which entitle movant to

---

**1.** References to statutes are to RSMo Supp.1990.

**2.** The charge to which movant pleaded guilty alleged that he "had under his control more

than 30 kilograms of a mixture or substance containing marihuana." § 195.223.7(1).

relief." *Id.* The motion court found that movant did not make such allegations. That finding is not clearly erroneous.

 As to movant's allegation that his trial counsel "failed to investigate the circumstances of the case," the motion court found that the allegation was "conclusionary and unsupported by factual allegations showing prejudice." The trial court further noted "that Movant ... stated no facts showing that counsel's investigation of Movant's case was inadequate, or that Movant was prejudiced by the manner in which counsel investigated Movant's case." In order to state a claim of ineffective assistance of counsel regarding inadequate investigation, it is necessary to allege in what manner further investigation would have benefitted a movant. *Solomon v. State*, 821 S.W.2d 133, 135 (Mo.App.1992); *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977). The findings of the motion court regarding this claim are not clearly erroneous.

■ Finally, movant alleges as part of his point on appeal that he was coerced into pleading guilty because his attorney told him that "he was guaranteed a sentence of ten years if he did not plead guilty." The motion court found that this allegation was "refuted by the record." It further concluded, "Matters refuted by the record are not cognizable in a post-conviction relief proceeding. *Schofield v. State*, 750 S.W.2d 463 (Mo.App.1988)."

Throughout the movant's guilty plea hearing, he expressed satisfaction with the legal advice that he had received. He did not claim that his trial attorney failed to do anything that he had wanted the attorney to do. Further, his plea of guilty was based upon a negotiated plea agreement. The terms of the negotiated plea agreement were reduced to writing and are part of the record on appeal. The punishment imposed was the punishment to which movant agreed as part of the negotiated plea agreement.[3]

---

**3.** A movant's position is weakened by the fact that his or her sentence was imposed pursuant

The motion court's finding that movant's claim of coercion was unfounded is not clearly erroneous. The order denying movant's Rule 24.035 motion is affirmed.

CROW, P.J., and SHRUM, J., concur.

---

to a negotiated plea agreement. *Row v. State,* 680 S.W.2d 418, 419 (Mo.App.1984).