12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Byron FOLLINS, Appellant,
v.
Paul K. DELO, Warden, Appellee.
 No. 93-1780.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 22, 1993.
Filed: November 24, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Byron Follins, a Missouri inmate, appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri, denying his second 28 U.S.C. Sec. 2254 habeas petition as abusive and successive. For reversal, he argues he has shown cause for failing to raise the claims in a prior petition and thus, this second petition is neither abusive nor successive. He also argues that raising a new claim based on law unsettled at the time his previous petition was filed and new claims of which he had no prior actual or constructive knowledge do not abuse the writ. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In 1983, Follins was convicted of capital murder in Missouri state court and sentenced to life without parole for 50 years. The conviction was affirmed on direct appeal. State v. Follins, 672 S.W.2d 167 (Mo. Ct. App. 1984). In 1985, Follins filed a federal habeas petition, arguing he was denied a fair and representative jury and that the trial court erred in admitting into evidence a tape of his murder confession. The petition was denied on the merits, see Follins v. Armontrout, No. 85-2267-C(2) (E.D. Mo. 1986), and Follins did not file an appeal. Follins later instigated state postconviction proceedings with the help of counsel, but he was denied relief in 1991. Follins v. State, 809 S.W.2d 161 (Mo. Ct. App. 1991) (per curiam).
 
 
 3
 In August 1991, Follins filed this federal habeas petition, asserting eleven separate grounds for relief. The State responded that all but one of Follins's claims abused the writ because they were not presented in his first habeas petition and that the other claim-that the state trial court should not have admitted his taped confession-was successive. The State argued Follins must show cause and prejudice for his abuse of the writ, and must demonstrate that the "ends of justice" required reconsideration of his successive claim. Follins filed a traverse to the State's response, claiming, among other things, that the "cause" for his abuse of the writ was that he was compelled to proceed pro se in both habeas actions and forced to rely on racially prejudiced inmate law clerks with limited legal knowledge and a constitutionally inadequate law library with missing books. Over Follins's objections, the district court adopted the magistrate judge's[2] recommendation and dismissed the petition as abusive and successive.
 
 
 4
 To excuse his abuse of the writ, Follins must show cause and prejudice for failing to raise his claims earlier. See McCleskey v. Zant, 499 U. S. 417, 111 S. Ct. 1454, 1470-71 (1991). Cause requires a showing of some external impediment preventing Follins or his counsel from constructing or raising a claim. Id. at 1472. Follins argues that ineffective assistance of inmate legal clerks and an inadequate legal library "caused" his abuse of the writ. We have held that the pro se status of a petitioner is not a factor in Rule 9(b) determinations, and that ineffective assistance of habeas counsel cannot constitute cause for failure to raise a claim earlier because there is no constitutional right to such counsel. See Shaw v. Delo, 971 F.2d 181, 184-85 (8th Cir. 1992), cert. denied, 113 S. Ct. 1301 (1993); Cornman v. Armontrout, 959 F.2d 727, 729-30 (8th Cir. 1992). It follows that ineffective assistance of inmate clerks will not suffice as cause.
 
 
 5
 Follins also argues that the prison legal library was constitutionally inadequate. While a petitioner's lack of legal knowledge is not cause, see Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991), prison authorities are required to provide prisoners drafting habeas petitions with "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 827-28 (1977). Follins specifically claimed the prison library was missing whole books and parts of books. However, Follins faced no time limitation in filing his habeas petition; he could have requested missing books and waited to file his petition. Thus, we agree with the district court that the asserted inadequacy of the prison library does not establish cause.
 
 
 6
 Follins further argues he should be excused from raising his instruction issue earlier because Missouri law on whether felony murder is a lesser included offense of capital murder was unsettled at the time he filed his first federal habeas petition. He cites allegedly conflicting Missouri Supreme Court cases from 1983. State v. Clark, 652 S.W.2d 123, 126-28 (Mo. 1983) (en banc); State v. Williams, 652 S.W.2d 102, 112 (Mo. 1983) (en banc). He notes that the issue was decided only in Williams v. Armontrout, 912 F.2d 924, 928 (8th Cir. 1990) (en banc), cert. denied, 498 U.S. 1127 (1991) and 113 S. Ct. 1613 (1993). Conflicting caselaw on this issue should have encouraged, rather than discouraged, Follins from raising the issue either on direct appeal or in his first habeas petition in 1985. As the district court noted, we held in Jones v. Lockhart, 977 F.2d 444, 446 (8th Cir. 1992), that a legal argument which "was always available and well grounded in principle" and simply did not occur to a petitioner does not amount to cause.
 
 
 7
 Follins claims he should be able to present his new claims because he had no actual or constructive knowledge of them at the time his previous habeas petition was filed. Follins has not shown that the factual basis for his claims was not reasonably available to him, particularly because the claims involve trial errors and he was at trial. See McCleskey v. Zant, 111 S. Ct. at 1472. If Follins is asserting ignorance of the legal significance of the facts, we note that cause may not be based on a petitioner's subjective legal knowledge or lack of it, but instead must be an impediment external to him. See id.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri