STATE of Missouri, Respondent,

v.

Anthony Martin GIAIMO, Appellant.

No. 72681.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 4, 1998.

**158**

Charles E. Bridges, St. Charles, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Anthony Martin Giaimo, appeals from the judgment of convictions, entered pursuant to jury verdicts, of six counts of sodomy and one count of sexual misconduct in the second degree. The trial court sentenced defendant to consecutive terms of imprisonment of 15 years on each of the five counts of sodomy and of seven years on the sixth count of sodomy, in addition to a concurrent term of six months on the sexual misconduct count. The trial court also fined defendant. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdicts, established that defendant's wife owned and operated day care centers in St. Charles, Missouri. According to defendant, he owned the property on which the day care centers were located, but otherwise merely served in the capacity of an occasional maintenance man at the facilities.

K.B., who was the victim of the sodomy counts, was a girl of thirteen years of age at the time of trial. From 1987 through 1989, she attended one of the day care centers. On January 1, 1990, when K.B. was in first grade, she told her mother that she did not want to return to the after-school program at the day care center. She then detailed several sexual encounters with defendant which had occurred in the office of the day care center and which formed the bases of the sodomy charges. The victim told similar accounts to the Division of Family Services representative, to the police, and to a nurse who took the victim's history prior to a physical examination by a physician at the Sexual Abuse Management (SAM) Clinic of a local children's hospital. At trial, the examining physician testified that he found his evaluation of the victim consistent with the occurrence of sexual abuse.

The second victim, who attended another day care center, was involved only in the sexual misconduct count. At trial, the mother of the second victim testified that her daughter told her that defendant had exposed himself to her at the day care center. The incident occurred between January 1 and July 14, 1995. The second victim, who was less than four years of age at the time of the incident, testified at trial; but stated that she could not remember anything about the incident or about what she told her parents.

Several parents whose children attended the day care centers as well as several former day care employees testified on behalf of defendant. These witnesses basically testified that defendant did not supervise the children and that the office where the victim alleged she was sodomized contained windows with sheer curtains. Defendant testified at trial. He denied all the allegations, stating that he was never alone with the children.

During rebuttal, other parents and former employees testified that defendant had supervised classes at the day care centers as the only adult present and had taken children out of the classes. There was evidence that the curtains covering the office windows were opaque. The former employees also reported that defendant and his wife coached them about what to say to the police when they were questioned about defendant's conduct at the day care centers.

In his first point, defendant contends the trial court erred in denying his counsel's request to withdraw, made at the request of the defendant, as well as his own request for a continuance in order for a different attorney to prepare for trial. He claims the first attorney he hired to represent him was suspended from the practice of law and that

there was an irreconcilable conflict with his second attorney which resulted in a total breakdown in communication.

We first address the trial court's ruling on counsel's motion to withdraw. In his point on appeal, defendant claims the trial court's refusal to grant the motion "denied [him] effective assistance of counsel." Defendant also couched his argument in terms of counsel's failure to represent him adequately. He specifically alleged that counsel failed to retain experts suggested by defendant, deposed the victim "less than 18 hours before the trial began," and refused to call several police officers requested by defendant to testify at trial.

■ Defendant's claim of error is, in effect, a claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel cannot be raised in a direct appeal, but can be raised only in a Rule 29.15 motion for post-conviction relief. *State v. Kezer*, 918 S.W.2d 874, 877 (Mo.App. E.D.1996). Thus, defendant's claim regarding the trial court's ruling on counsel's motion to withdraw is not cognizable on appeal.

■ We next consider defendant's claim of error pertaining to the trial court's failure to grant a continuance. Although defendant set forth this claim in his point relied on, he did not discuss it in the corresponding argument portion of his brief and did not cite to any legal authority to support his position. Defendant's claim of error is deemed abandoned because he failed not only to address the alleged error in the argument portion of his brief, *see, State v. Williams*, 951 S.W.2d 332, 338 (Mo.App. S.D.1997), but also to cite to supporting authority or to offer an explanation why precedent was unavailable. *See State v. West*, 952 S.W.2d 713, 715 (Mo.App. S.D.1997). Defendant's first point is denied.

In his second point, defendant contends the trial judge erred in declining to recuse himself. Defendant's "Motion for Voluntary Recusal of the Honorable Judge" was filed the day before trial. It alleged that the judge had lived in the same subdivision with defendant's family and that "on several occasions there were verbal altercations and confrontations between the Defendant's wife ... and the Honorable Judge creating conflicts between both families." The judge responded that he hadn't lived in that subdivision for 20 years and couldn't remember any conflicts or discussions with defendant or defendant's wife. He also stated that at least one time during the last 20 years defendant's wife had sought legal advice from him when he was a practicing attorney.

■ Although the question of the possible prejudice of the trial judge is a serious matter, the trial judge is not required to accept a late motion for change of judge, which might require either seeking another judge for a hearing or delaying the trial. *State v. Novak*, 949 S.W.2d 168, 171 (Mo.App. E.D.1997). Here, defendant certainly was aware of all the grounds asserted for recusal from the time the judge was assigned the case, and defendant could have raised the allegations promptly. To hold that defendant's late-filed motion warranted either the recusal of the trial judge or a hearing before another judge would open the door for "criminal defendants to avoid trial settings by challenging the presiding judge." *See id.* Had the motion for recusal been filed prior to the day before trial, the judge might have transferred the case to another criminal division, but such transfers are not always easy the day before trial. *See id.* The trial court did not err in proceeding with the case. Defendant's second point is denied.

Defendant raises nine more claims of trial court error. We have reviewed the remaining points on appeal and find that no jurisprudential purpose would be served by a written opinion. Defendant's points three through eleven are denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

AHRENS, P.J., and KAROHL, J., concur.