Anthony M. GIAIMO, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 78143.

Missouri Court of Appeals,
Eastern District,
Division One.

April 3, 2001.

---

Richard H. Sindel, Sindel & Sindel, P.C., Clayton, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondents.

RICHARD B. TEITELMAN, Judge.

Anthony M. Giaimo, appellant, was convicted of six counts of sodomy, § 566.060 RSMo 1994, and one count of second-degree sexual misconduct, § 566.093 RSMo 1994.[1] Appellant was sentenced to five consecutive fifteen-year terms, one consecutive seven-year term, and one concurrent six-month term of imprisonment. This court affirmed appellant's convictions and sentence. *State v. Giaimo,* 968 S.W.2d 157 (Mo.App. E.D.1998). Appellant subsequently filed a Rule 29.15 motion for post-conviction relief which set forth numerous allegations of ineffective assistance by both trial and appellate counsel. The motion court denied the motion without an evidentiary hearing and issued written findings of fact and conclusions of law in support of its decision. We reverse and remand in part and affirm in part.

### Standard of Review

Appellate review of the motion court's ruling is limited to determining whether the findings and conclusions are clearly erroneous. Rule 29.15(k). The motion court's ruling will be found clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Morrow v. State,* 21 S.W.3d 819, 822 (Mo. banc 2000).

To prove ineffective assistance of counsel, appellant must show by a preponderance of the evidence that trial counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display rendering similar services under the existing circumstances and that he was thereby prejudiced. *State v. Clay,* 975 S.W.2d 121, 135 (Mo. banc 1998) (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

To be entitled to an evidentiary hearing on a motion for post-conviction relief based on ineffective assistance of counsel, appellant must: (1) allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice. *Morrow v. State,* 21 S.W.3d 819, 822–823 (Mo.banc 2000). To demonstrate prejudice, the facts alleged must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 823. Furthermore, unlike other civil pleadings, this court will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief. *Id.* at 822.

### Discussion

Appellant sets forth three points on appeal. In Point I, appellant makes multiple allegations of ineffective assistance of

---

**1.** All statutory references are to RSMo 1994 unless stated otherwise.

counsel. Specifically, appellant contends that trial counsel failed to adequately cross-examine witnesses, properly object to the admission of evidence of uncharged acts, retain and call expert and lay witnesses, introduce evidence, file pre-trial discovery motions and investigate alternate perpetrators. In Point II, appellant alleges that the motion court improperly failed to recuse itself or allow an evidentiary hearing on appellant's motions for recusal. Point II also includes an allegation that trial counsel was ineffective for failing to file the motion for recusal at an earlier time. In Point III, appellant alleges that appellate counsel was ineffective for failing to raise an issue on direct appeal as to the constitutionality of Section 566.025.

As a preliminary matter, we note that appellant's Point I does not comply with the Rule 84.04(d) requirement that each point shall specifically identify the challenged ruling or action. Although Missouri courts have held that an improperly drafted point relied on preserves nothing for review, it is also recognized that in criminal cases it is preferable to decide cases on the merits to avoid punishing appellant for the shortcomings of counsel. *State v. Rehberg,* 919 S.W.2d 543, 548 (Mo. App. W.D.1995), citing *State v. Sloan,* 756 S.W.2d 503, 505 (Mo. banc 1988), cert. denied, 489 U.S. 1040, 109 S.Ct. 1174, 103 L.Ed.2d 236 (1989). Thus, we will exercise our discretion and review the claims raised in appellant's Point I on the merits.

■ To aid our discussion, we have separated appellant's Point I claims of ineffective assistance of counsel into the following subpoints: (I) failure to retain and call expert witnesses; (II) failure to investigate alternate perpetrators; (III) inadequate cross-examination; (IV) failure to "properly object" to evidence of uncharged acts; (V) failure to introduce evidence; (VI) failure to file pre-trial motions; (VII) failure to call lay witnesses. We conclude that the motion court clearly erred by denying appellant relief without an evidentiary hearing with respect to subpoints I and II. The motion court did not clearly err in denying appellant relief without an evidentiary hearing on the remaining subpoints in Point I.

I. *Failure to Retain and Call Expert Witnesses.*

■ Appellant alleges that trial counsel was ineffective in failing to retain and call expert witnesses Ann Dell Duncan, Ralph Underwager and Holida Wakefield. To establish that counsel was ineffective for failure to present expert witness testimony, appellant must show that: (1) the witness could have been located through reasonable investigation; (2) the witness would have testified if called; and (3) the testimony would have provided a viable defense. *State v. Davis,* 814 S.W.2d 593, 603–604 (Mo.banc 1991). Although appellant must overcome a strong presumption that counsel provided effective assistance, we note that counsel must make a reasonable and informed decision not to conduct a particular investigation. *State v. Butler,* 951 S.W.2d 600, 608 (Mo.banc 1997).

*Dr. Ann Dell Duncan*

On its face, appellant's Rule 29.15 motion sets forth factual allegations that are sufficient to establish a claim that counsel was ineffective in failing to retain and call Dr. Duncan as an expert witness. Appellant alleged that Dr. Duncan is an expert in child sexual abuse cases with special expertise in analyzing interviewing techniques to ensure that the interviews are conducted properly and are not unduly suggestive. Appellant further alleged that he had requested that trial counsel contact Dr. Duncan and that Dr. Duncan, if called, would have testified that the children's

statements were unreliable because investigators had employed improper interviewing techniques and "coached" the children throughout the interview process. Because a substantial part of the evidence against appellant came from the statements of the children, appellant also alleged that Dr. Duncan's testimony would have altered the outcome of the trial.

The motion court denied appellant's claims on three grounds. First, the motion court determined that appellant's claims had previously been disposed of on direct appeal. This is incorrect. On direct appeal, this court held that appellant's claims of error were, in effect, a claim of ineffective assistance of counsel which could be raised only in a Rule 29.15 motion for post-conviction relief. *State v. Giaimo*, 968 S.W.2d 157, 159 (Mo.App. E.D.1998). Accordingly, this court did not reach the merits of appellant's allegations. Appellant subsequently presented his claims in his amended Rule 29.15 motion for post-conviction relief, and we now review these claims on the merits.

The trial court also denied appellant's claim on the basis that appellant had retained co-counsel who was familiar with Division of Family Services methodologies and that co-counsel had an opportunity to cross-examine two of the individuals that interviewed the children. Cross-examination by co-counsel who was "familiar" with certain "methodologies" was not a substitute for expert testimony on appellant's behalf.

Finally, the motion court concluded that appellant's allegations were refuted by the record because trial counsel stated that appellant had failed to pay Dr. Duncan's retainer and was thus responsible for the failure to procure Dr. Duncan's testimony. However, in this same portion of the transcript, appellant vehemently denies counsel's account. Appellant stated that it was his understanding that trial counsel was responsible for coordinating the retention of Dr. Duncan. Appellant also stated that counsel failed to follow up on his numerous requests that counsel contact Dr. Duncan. In addition, Dr. Duncan stated in an affidavit that she repeatedly requested that counsel forward the case materials to her. Despite counsel's assurances that the materials would be forthcoming, trial counsel failed to deliver the materials to Dr. Duncan. Moreover, the record indicates that when contacted by the prosecutor's office just days before trial, Dr. Duncan stated that she could not participate in the case because she had had no opportunity to review appellant's case materials.

Contrary to the motion court's conclusion, we find that the record does not conclusively refute appellant's claim that trial counsel failed to make an informed, strategic decision not to retain or call Dr. Duncan as an expert witness. Furthermore, because a substantial part of the state's evidence against appellant was ultimately derived from statements the children had given to interviewers, it is quite possible that Dr. Duncan's testimony could have led to a different result at trial by inducing reasonable doubt in the minds of jurors. Consequently, we find that there is a reasonable probability that appellant was prejudiced by counsel's failure to retain and call Dr. Duncan as an expert witness at trial.

*Drs. Underwager and Wakefield*

Appellant also alleges that trial counsel was ineffective for failing to retain and call Drs. Underwager and Wakefield. Appellant alleged that both Dr. Underwager and Dr. Wakefield are experts in analyzing interviewing techniques, that each would have been able to testify as to the suggestive interviewing techniques employed by investigators and that appellant had requested counsel to contact both. Although

counsel endorsed both of these experts as witnesses, he failed to forward case materials or otherwise consult with either expert. As with Dr. Duncan, counsel's total failure to contact Drs. Underwager or Wakefield strongly contradicts any argument that counsel's decision was based on an informed, strategic decision. Moreover, we similarly find that there is a reasonable probability that but for counsel's error, the outcome of appellant's trial may have been different and that appellant was thereby prejudiced. The motion court therefore erred in denying appellant relief without an evidentiary hearing on his claims that trial counsel was ineffective by failing to retain and call Dr. Underwager or Dr. Wakefield as expert witnesses.[2]

## II. *Failure to Investigate Alternate Perpetrators.*

 Appellant also alleges that counsel was ineffective by failing to investigate other reports of sexual abuse at the daycare facility by an individual identified by the victim as "Mr. Marco" or "Mr. Michael." Appellant's Rule 29.15 motion alleges that "Mr. Michael" worked at the daycare facility during the same time period in which the abuse for which appellant was convicted occurred. Appellant therefore maintains that counsel's failure to investigate this alternate perpetrator denied him the opportunity to present evidence that someone else was the actual perpetrator.

In denying this claim, the motion court noted that neither of the children which appellant was convicted of abusing had ever identified anyone other than appellant as the abuser. The court also noted that in pretrial proceedings, trial counsel stated that he had no direct evidence that any-

body else could have committed the acts for which appellant was charged. Relying on counsel's statement, the court further noted that a defendant is generally not entitled to present evidence that someone else had the motive to commit the crime in the absence of evidence directly linking that person with the crime. However, the record reflects that the lack of such "direct evidence" in this case may be reasonably attributable to trial counsel's failure to investigate the allegations regarding "Mr. Michael." There is no reasonable trial strategy that would lead competent counsel to decline investigation into documented allegations that there may have been an alternate perpetrator. The record therefore reflects that crucial evidence may have been available if counsel had taken the time to perform even a cursory investigation. We find that there is a reasonably probability that counsel's failure to investigate prejudiced appellant by denying him the opportunity to show that he was not the actual perpetrator. The trial court erred in denying appellant an evidentiary hearing on this issue.

Our review of the record reveals that the motion court did not err in denying appellant relief without an evidentiary hearing on subpoints III through VII of Point I or for appellant's claims in Points II and III. Appellant's remaining claims are therefore denied pursuant to Rule 84.16(b).

### Conclusion

The order denying appellant's Rule 29.15 motion is affirmed, except as to his claim of ineffective assistance of counsel as to trial counsel's failure to retain and call expert witnesses and to investigate allegations of an alternate perpetrator, which is

---

**2.** The motion court again found that appellant's claims were decided on direct appeal. As noted in our discussion of appellant's

claims regarding Dr. Duncan, this conclusion is incorrect.

reversed and the cause remanded for an evidentiary hearing on these two claims only.

ROBERT G. DOWD, P.J., and MARY RHODES RUSSELL, J., concur.