**Walid ALHAMOUD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80421.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 1, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 27, 2002.

Gwenda Renee Robinson, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Assistant Attorney General, Jefferson City, MO, for respondent.

GLENN A. NORTON, Judge.

Walid Alhamoud appeals the order denying his Rule 29.15[1] motion without an evidentiary hearing. He contends that trial counsel was ineffective for failing to fully cross-examine the victim and for failing to obtain additional evidence showing that someone else committed the crime. We affirm.

## I. BACKGROUND

A jury convicted Alhamoud of one count of statutory rape in the first degree—for engaging in vaginal intercourse with an eight year old girl, and two counts of statutory sodomy in the first degree—for engaging in deviate sexual intercourse with the same girl. On direct appeal, this Court affirmed the judgment. *State v. Alhamoud*, 36 S.W.3d 421 (Mo.App. E.D. 2001). Alhamoud subsequently filed a motion for post-conviction relief under Rule 29.15. He claimed that his trial counsel was ineffective for failing to fully cross-examine the victim and for failing to obtain additional evidence showing that someone else committed the crime.

## II. DISCUSSION

### A. Standard of Review

■ Appellate review of a ruling on a motion for post-conviction relief "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *Rousan v. State*, 48 S.W.3d 576, 581 (Mo. banc 2001). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The movant must prove his claims by a preponderance of the evidence. Rule 29.15(i).

To succeed on an ineffective assistance of counsel claim, a movant must prove that his "counsel's performance 'fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rousan*, 48 S.W.3d at 581 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We presume that the trial counsel's performance was reasonable and was not ineffective. *Clayton v. State*, 63 S.W.3d 201, 206 (Mo. banc 2001). Reasonable decisions regarding trial strategy

---

1. Unless otherwise noted, all rule references are to the Missouri Supreme Court Rules (2001).

cannot be the basis for an ineffective assistance of counsel claim. *Id.*

■ The movant is only entitled to an evidentiary hearing on a motion for post-conviction relief for ineffective assistance of counsel if: (1) the movant alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Morrow v. State,* 21 S.W.3d 819, 822–823 (Mo. banc.2000); *Giaimo v. State,* 41 S.W.3d 49, 51 (Mo. App. E.D.2001).

## B. Failure to Fully Cross-examine

Our review of the record shows that the judgment of the motion court on this point is based on findings of fact that are not clearly erroneous. Extended discussion of this would have no precedential value. Point I is therefore denied under Rule 84.16(b).

## C. Failure to Obtain Additional Evidence

■ In Point II, Alhamoud alleges that trial counsel failed to obtain the victim's medical records, which would have shown the possible existence of another perpetrator. Allegedly, the records would have shown that the victim received treatment for vaginal trauma after Alhamoud was arrested and in custody. Alhamoud alleges that if these medical records had been before the jury, there is a probability that the jury would have acquitted him. The motion court found that Alhamoud was not prejudiced by trial counsel's failure to offer this evidence.

Alhamoud's trial counsel did, in fact, pursue the possibility that someone else committed the crime. Before trial, counsel made a motion to introduce evidence of another perpetrator, which the court denied. The possible existence of these medical records was brought to the attention of the trial court outside the hearing of the jury before defense counsel's direct examination of the victim's doctor. The trial court stood by its original ruling to not allow *any* evidence concerning the possibility that someone else committed the crime.

■ Alhamoud is actually claiming that trial counsel should have investigated these medical records further, even after the trial court's ruling. To succeed on a claim of ineffective assistance of counsel based on inadequate investigation, the movant must not only allege what specific information trial counsel failed to discover and that a reasonable investigation would have disclosed that information, but also that the information would have aided the movant or improved the movant's position. *Fox v. State,* 819 S.W.2d 64, 66 (Mo.App. E.D.1991); *Snyder v. State,* 854 S.W.2d 47, 49 (Mo.App. S.D.1993). When pursuing evidence, trial counsel has a duty to make a reasonable professional investigation, or make a reasonable decision that the particular investigation is unnecessary. *Moore v. State,* 827 S.W.2d 213, 215 (Mo. banc 1992).

In this case, trial counsel made a reasonable decision that investigating the medical records further was not necessary. The trial court had excluded any evidence regarding another perpetrator. The medical records were included in that ruling. Consequently, even if the medical records had shown the possibility that someone else committed the crime, the court had already ruled the evidence inadmissible. Further, upon our review of the record, there was substantial evidence of Alhamoud's guilt introduced at the trial. For these reasons, the medical records would not have aided Alhamoud, nor improved his position.

Alhamoud spends a great deal of time in his brief discussing whether or not the medical records would have been relevant or admissible. The relevance or admissi-

bility of the medical records was taken into account by the trial court when it made the decision not to allow *any* evidence regarding an alternate perpetrator. Even if the medical records had shown the possibility that someone else committed the crime, the trial court had ruled the evidence inadmissible. That decision by the trial court is not before us. Therefore, a discussion of the relevancy or admissibility of the medical records is not pertinent here.

The motion court did not clearly err. Point II is denied.

## III. CONCLUSION

The judgment is affirmed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J., concurring.